Pearson, J.
 

 We concur with his Honor in the opinion, that Samuel W. Rodgers, the surviving executor, had a right to sell under the power given by the will, notwithstanding the adverse possession of the defendant at the time the power was exercised ; and notwithstanding Samuel H. Rodgers, one of the heirs-at-law of the devisor, had executed a deed for the land to the defendant.
 

 The power given by the will was a common-law authority, as distinguished from a power operating under the statute of uses. The distinction is pointed out in Sugden on Powers, at page 1. He says, “ A power given by a will, or by an act of Parliament, as in the instance of the land-tax redemption act, to sell an estate, is a common-law authority.” (As further in
 
 *184
 
 stances we may add, a power given to the sheriff to sell under execution, or to a clerk and master.)
 
 “
 
 The estate passes by force of the will, or act of Parliament, and the person who executes the power, merely nominates the party to take the estate.”
 

 He then points out the distinction between powers of this kind and a power of attorney to execute a conveyance. At page 251,
 
 “
 
 where a power is given by a will, without a seisin to serve the estates to be created, it is a mere common-law authority. The appointment merely operates as the designation of a person to take under the will.” At page 253,
 
 “
 
 Where a seisin is raised by the will, and it operates, the appointment will create a use, and there cannot be a use upon a use ; but when there is no seisin to serve the power, but the testator
 
 devises at onee,
 
 for example, that A shall sell; upon a sale to B, the latter takes by force of the will,” and the doctrine of uses is not involved.
 

 In our case there is no seisin to serve the power. The testator simply says, “ I will and ordain, that my executors sell my plantation, after two years from my wife’s death, and apply the money,” &c. So it is a mere common-law authority. The appointment merely operates as the designation of a person to take under the will. In other words, it is the same as if the will, instead of the power, had inserted the name of the purchaser ; that is,
 
 “
 
 to his wife for life, then to his son Samuel IT. Rodgers for two years, and then to James II. K. Rodgers and his heirs, (the party to whom the executor sold,) upon his paying such a sum as he and my executors may agree on as the price thereof.” This removes all the supposed difficulty arising frpm the fact that the defendant was in the adverse possession at the time of the exercise of the power in the sale. If the adverse possession, under the color of title, had continued for seven years after the expiration of two years from the death of the wife, then it is clear that no estate could have been created by the exercise of the power, because the right of entry was lost, and in this respect the power and the estate are precisely the same ; for if the name of the pur
 
 *185
 
 chaser had been inserted in the will instead of tire power, his estate would have been barred by losing the right of entry, and the power is affected in the like manner. “ The power must be regarded as the estate within the statute of limitations. Were it not so, the statute might as well be repealed, for it would be evaded simply by creating a power” ;
 
 Pickett
 
 v. Pickett, 3 Dev. Rep. 11.
 

 In this case, however, the seven years had not run, and the reference is made simply to show that a power of this kind is, in all respects, considered as the estate.
 

 This also removes all the supposed difficulty arising from the deed executed by the widow and Samuel H. Rodgers, who was an heir-at-law of the testator. Eor supposing the deed passed his estate in the land, and not simply the two years to which he is entitled under the'will, and his right to a share of the sum for which the land was sold, there is no difficulty in regard to a seisin to feed the use created by the power; for as this is a common-law authority, and the appointee takes under
 
 the will,
 
 and not by way of use, there is no necessity for a seisin to serve his estate.
 

 This entitled the plaintiff to recover under the demise of Janies II. IL Rodgers, and it is unnecessary to consider the other demise.
 

 Pee CueiaM, Judgment affirmed.