FEREBEE JUSTICE and others v. JOHN A. GUION.

*Contingent Remainder -- Power of Court to Sell Land.*

A Court has no power to order a sale of land for the purpose of converting it into other property where it is limited in contingent remainder.

(*Watson* v. *Watson*, 3 Jones Eq. 400; *Williams* v. *Hassell*, 74 N. C. 434, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of CRAVEN Superior Court, before *Seymour, J.*

· The action was brought to obtain an order to sell a certain house and lot in the City of Newbern. In 1853, this property was conveyed by one Sarah Tilman to a trustee " for the benefit of her niece (the plaintiff Ferebee Justice) for life, with remainder to the children of said Ferebee who should survive her to be equally divided between them, with a further provision that if any child of said Ferebee should die before her leaving a child or children, such child or children should represent its or their parent in the division."

The trustee named in the deed was H. T. Guion now deceased, a brother of said Ferebee. The defendant is one of the brothers and one of the heirs at law of the deceased trustee, and was made a party to this suit to the end that an adjudication may be had upon the questions involved.

Ferebee Justice who has been a widow for twenty years has three children, the youngest of whom is over the age of twenty-one, two of whom are married and have children and one of whom is unmarried.

The plaintiffs demand that the said land be sold and the proceeds re-invested in other property under the same trusts, and that H. C. Justice be appointed trustee.

The defendant demurred to the complaint and assigned as cause, that the class of persons to whom the land is limited in contingent remainder are not *in esse*, and not represented in Court as parties.

His Honor granted an order to appoint a trustee and sustained the demurrer, from which judgment the plaintiffs appealed.

No counsel for plaintiffs.
*Mr. A. G. Hubbard*, for defendant.

FAIRCLOTH, J. The petition alleges that a sale of the premises and re-investment of the proceeds would greatly promote the interests of the plaintiffs, and this allegation is

admitted by the demurrer of the defendant, who however denies the power of the Court to order a sale on the ground that the plaintiffs' interest in the premises, except the life tenant, is contingent. The property was conveyed by deed to the defendant in trust for Mrs. Justice during her life, and then to be surrendered to her children who " shall survive her and be living at her decease," to be equally divided &c. The Court would gladly aid the petitioners in promoting their interest, but it has not the power to do so. The estate of the plaintiffs is a contingent remainder and the contingency arises out of the uncertainty of the persons who will be able to take the estate at their mother's decease. Some of the children now living may die without issue and others may be born before the life estate terminates. No one can *now* tell how these matters may *then* be. This rule has been long and well settled. The leading text books are uniform on the subject. In our State the leading case is *Watson* v. *Watson*, 3 Jones Eq. 400, and the last case is *Williams* v. *Hassell*, 74 N. C. 434 ; and we can add nothing to the reasoning to be found in those authorities and do not consider it necessary to repeat it in this case. The demurrer must be sustained.

No error.

PER CURIAM.                    Judgment affirmed.