JANE E. YOUNG v. JAMES R. YOUNG et als.

*Contingent Remainders—Powers—Judicial Sale.*

1. Where a contingent remainder is created, the tenant in possession and those in remainder *in esse*, cannot have a decree for a sale of the land, unless some one of each class of contingent remainder-men are *in esse* and before the Court.

2. Where a power is to be exercised entirely at the discretion of the donee of the power, Courts of Equity have no jurisdiction to force him to act, and if he has died without exercising the power, they cannot confer it upon a trustee appointed by the Court.

3. So, where land was settled on a trustee, in trust for A for life, remainder in trust for her children then living and the issue of such children as may have died leaving issue, with a power in the trustee to sell the land whenever in his opinion best for the interest of the *cestuis qui trust*, with directions to re-invest the proceeds as he thought best; *It was held*, that a Court of Equity could not decree a sale at the instance of the life tenant and her children, and the trustee having died without executing the power of sale, a trustee appointed by the Court could not execute it.

(*Williams* v. *Hassell*, 73 N. C., 174; *Ex parte Miller*, 90 N. C., 629; cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* at June Term, 1886, of GRANVILLE Superior Court.

The plaintiff appealed.

The facts appear in the opinion.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr.,* for the plaintiff.

No counsel for the defendants.

SMITH, C. J. When this cause was before us at October Term, 1884, we declined to take jurisdiction and inquire into the merits of the subject-matter presented in the complaint, because of irregularities in the action of the Superior Court,

and an order remanding it was made. These difficulties are now removed, and the appeal is from a ruling, followed by a final judgment embodying it, in these words: .

"The cause coming on to be heard on complaint and answer, the Court declared that a sale of the real estate described in the complaint, and a re-investment of the proceeds, would be to the advantage of the plaintiff, and all other persons who are, or may become entitled to an interest therein under the said deed of trust. But the Court is of the opinion, that the power of sale conferred by said deed upon the late trustee, Peter W. Young, was personal to and discretionary with the said Peter W. Young, and the power not having been executed by him in his life-time, no other person succeeding him as trustee of said estate can execute said power, and therefore, and forasmuch as it cannot be known until the death of the plaintiff who will be entitled to or interested in the estate after her death under the limitations in said deed, this Court has no power or jurisdiction to order a sale of said real estate by way of executing the said power of sale, or otherwise, and cannot confer upon any new trustee the Court may appoint, by any conveyance it might direct to be made to him of the legal title of said estate, any power or discretion to sell the same, or any part thereof, and re-invest the proceeds of such sale, and for the reason aforesaid, an order of sale of said estate as prayed for in the complaint, is refused. The Court is further of opinion that a new trustee ought to be appointed in place of Peter W. Young, deceased, and a proper conveyance made to such new trustee, and it is referred to the clerk, to enquire and report to the Court the most suitable person to be appointed such trustee, who is willing to accept the said appointment."

The deed made on October 30th, 1866, conveys for the consideration of $2,500, a lot and house in fee to Peter W. Young, and attaches to the estate the following declarations of trust:

" But nevertheless, upon special trust and confidence, to, for and upon the uses and trusts following, and no other, that is to say, for the sole, separate and exclusive use and benefit of Jane Eliza Young, wife of the said Peter W. Young, for and during the term of her life, and at her death, for the use of her children then living, and the then living issue of such of her children as shall have died leaving issue, as sharers in fee simple *per stirpes;* and it is further agreed between the said Russell H. Kingsbury, trustee, &c., and the said P. W. Young, that at any time that it may seem to him to be to the interest of the said *cestuis qui trust,* he may sell the said land and premises absolutely, provided that without delay he shall re-invest the proceeds of such sale in real or personal estate, at his discretion, or otherwise manage, apply or dispose of the said proceeds for the benefit of the said *cestuis qui trust,* for the sole and separate benefit of the said Jane Eliza Young and her children, in the same manner as the lands and premises in this deed and conveyance are settled."

The contingent remainders, limited on the termination of the life estate, are to such of her children as are *then living, and to the then living issue of such as have died leaving issue,* so that it is impossible to tell who will be entitled when the life tenant dies. Those who would now succeed upon the happening of that event, may none of them be then living, and consequently there is no one of either class before the Court to represent the others. We are unable to distinguish between the present case, and the cases of *Williams* v. *Hassell,* 73 N. C., 174, and *Miller, ex parte,* 90 N. C., 629, except that the latter were suits for partition, and the estates were created by will. But the principle involved is the same, and each involves the exercise of like jurisdictional power, in transmitting title by a decree or order of sale. The defect of power is not dependent upon the instrument by which the limitations are created, but is inherent in the estates formed,

and because being unascertainable, those who may succeed to the estates are not bound by the judgment or decree.

It is suggested in argument, that the contingent remainders being equitable estates, the trustee represents them, and may act so as to bind them. At law this might be so, because *legal* titles are there only known. But this case is equitable, cognizable under former distinctions only in a Court of Equity, and in this Court, such estates are recognized and treated as essential.

The only remaining objection to the rulings which seems to be complained of, (for no specific errors are pointed out in the record,) is to that which declares that the power of sale and re-investment conferred upon Peter W. Young, and not exercised in his life-time, was *personal to, and discretionary* with him, and is not transferable to the substituted trustee; in other words, became extinct at his death, and could not be judicially prolonged and vested in his successor.

This ruling is, in our opinion, not open to objection. The personal character of the power conferred to change the investment, is disclosed upon the face of the deed. It is to be exercised " when at any time *it may seem to him* (the trustee) to be to the interest of the said *cestuis qui trust,*" to sell and to re-invest.

It is committed to the judgment and discretion of the husband of the life tenant, and the father or ancestor of those who are to have the remainder, as the case may be, and he may well be supposed to have their interests in view in any disposition that may be made, and possessing the confidence of the grantor that the conferred power will be prudently and discreetly used, if used at all.

" In the case of mere powers, that is, powers of which the exercise is arbitrary and discretionary, the Court has no jurisdiction to interfere." Lewin on Trusts, 435.

" An express discretionary power," remarks another author, " may either apply to the doing or abstaining from doing

a contemplated act: as where the trustees are empowered to do the act; or it is directed to be done, *if the trustees 'should think fit,'* or *'proper,'* or *'at their discretion.'*" Hill on Trustees, 485.

"In some of the earlier cases," continues the author, "where trustees neglected or refused to exercise the discretionary powers vested in them, the Court itself assumed that discretion, and exercised the power in the manner which it conceived to be most beneficial for the *cestuis qui trust.*"

"However," he adds, "this jurisdiction has been long since exploded, and it is settled, that the Court will never exercise a mere discretionary power, either in the life-time of the trustee, or upon his death or refusal to act." Ibid., 48 and 211.

It is manifest, then, as long as Peter W. Young did not deem it best for those interested to dispose of the property in his life-time, the power becomes extinct, and does not pass to the new appointee.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.