JULIA A. CREECH v. J. W. GRAINGER, Adm'r d. b. n. c. t. a. of
R. G. CREECH.

*Wills—Executors—Trusts in Will—Powers of Administrator
c. t. a.—Pleading—Demurrer.*

1. Under a will directing the executor therein named to continue testa-
   tor's business as long as the executor should think it profitable,
   and such of the profits as the executor might think actually nec-
   essary for the support of testator's wife and children to be paid to
   the wife; also, to invest six thousand dollars, bequeathed by tes-
   tator to his children, and apply the interest, annually, to the edu-
   cation of the children; also, to have entire control of testator's
   business, to continue or discontinue in all, or any department of
   it, at any time he might find it not yielding a reasonable profit, and
   out of the profits pay to testator's wife, from time to time, such
   amounts as he might consider actually necessary for her support
   and the support of the children: *Held*, that upon the death of the
   executor and the appointment of an administrator *d. b. n. c. t. a.*
   the trust in respect to the investment of six thousand dollars, for
   the education of testator's children, passed to the administrator;
   the other trusts were *personal to and discretionary with* the
   executor, and became extinct at his death.

2. An administrator, with the will annexed, becomes a trustee for any
   trusts declared in the will which could pass and be transferred to
   any one, as much as if he had been named executor.

3. When a will directs the executor to invest a certain fund and apply
   the interest to the *education* of testator's children, no part of such
   interest can be applied to the *maintenance* of the children.

4. In such case, in an action by testator's widow against the adminis-
   trator *d. b. n. c. t. a.* for a certain amount paid by her for the
   children's tuition, the complaint is demurrable if it fails to allege
   that the payment was made by authority either of the executor
   or the administrator.

This was a CIVIL ACTION, tried before *Graves, J.*, at Feb-
ruary Term, 1890, of LENOIR Superior Court, on exceptions
to the report of a referee in overruling the demurrer of the
defendant.

The plaintiff alleged—

1. That R. G. Creech died on the 5th day of January, 1880, leaving him surviving the plaintiff, his widow.

2. That R. G. Creech died leaving a last will and testament, in which Travis E. Hooker was appointed his executor, and the said Hooker was duly qualified as executor by the Probate Court of Greene County on the __ day of ____, 1880, and immediately entered upon the discharge of his duties of said executorship.

3 On June 16, 1880, said T. E. Hooker, executor as aforesaid, received in goods and moneys as a portion of the estate of his testator $12,294.95, as per inventory rendered and filed in the office of Clerk of Superior Court of Greene County.

3. (a) That at the time of the decease of said R. G. Creech, the family of deceased consisted of the plaintiff, widow as aforesaid, and their four children, the oldest of whom is at this time sixteen years of age.

4. That on the ____ day of _____, 1880, the plaintiff, as provided by law, dissented from the will of her said husband, before the Clerk of the Superior Court of Greene County.

For a second cause of action, plaintiff alleges—

1. That the aforementioned children have resided with the plaintiff continually since the death of their father; and that they have been boarded, clothed and supported by the plaintiff at her own cost and expense since January 17, 1885, and with the expectation of being paid therefor.

2. That the board, support, and clothing of the said children is reasonably worth $100 per annum for each one.

3. That the said R. G. Creech by his last will and testament, which said will is hereto annexed and made a part of this complaint, directed his executor to set apart and invest in United States bonds, or deposit in bank, the sum of $6,000, and from the income thereof to pay for the maintenance and education of his said children, which said sum

was so deposited by said Hooker in the National Bank of Wilson, upon certificate of deposit at 6 per cent. interest, payable to said Hooker as executor.

4. That said Travis E. Hooker, executor, died on the 16th day of March, 1887, without having fully administered the estate, and without having fully performed the trusts imposed upon said executor in said will, and that the defendant J. W. Grainger was, on the 23d day of February, 1888, duly appointed and qualified as administrator *d. b. n. c. t. a.* of the estate of said R. G. Creech, deceased, and, as such administrator, came into possession of the said estate, including said certificate of deposit with the accumulated interest thereon.

5. That said J. W. Grainger, administrator *d. b. n c. t. a.*, has in hand $10,266.70, and interest due on certificate and notes, of which amount the sum of over $2,500 is the accumulated interest upon the sum of $6,000, set apart as a fund, in the will of said Creech, for the support and education of said children.

For a third cause of action, plaintiff alleged—

1. That plaintiff has sent to school the said children for one term, and is liable for their tuition to the sum of $37.50, which is a reasonable charge.

2. That there are no outstanding debts against the said estate, other than those herein set forth.

The defendant demurred to plaintiff's second and third causes of action, and to each of them, and, as grounds of demurrer, submitted that he is not, in law, liable for the board, support, clothing, schooling and tuition of the said children of plaintiff, for which plaintiff seeks to charge him in said complaint.

It appears from the complaint, paragraph 3 of the second cause of action, that a testamentary trust was imposed upon the executor, Hooker, and, from paragraph 4, that said executor died without having fully performed the trusts

imposed upon him, and that defendant was duly appointed administrator *d. b. n. c. t. a.* of said Creech, deceased. It is submitted that the duties and trusts imposed by said will and testament upon said Hooker, executor, as specified in paragraph 3, were personal to said Hooker, implying personal confidence on the part of his said testator, and that, upon the demise of said Hooker, said duties and trusts terminated, and that they did not pass to the defendant administrator *d. b. n. c. t. a.;* that defendant did not succeed to the rights and duties of said Hooker, executor, in so far as the testator Creech constituted his said executor trustee of a certain fund for the benefit of his said children. Wherefore, as to plaintiff's second and third causes of action, defendant prayed judgment dismissing same at costs of plaintiff.

The material parts of the will were as follows:

\*       \*      \*       \*        \*        \*        \*

"*Item.* It is my will and desire that my mercantile business, harness shop, blacksmith shop and carriage shop be continued as long as in the judgment of my executor it shall be profitable, and such of the profits resulting therefrom as may, in the judgment of my said executor, be actually necessary for the support of my wife and children be paid over to my beloved wife Julia Creech.

"*Item.* I give and bequeath to my children the sum of six thousand dollars, to be paid to my executor and by him invested in United States bonds, or deposited in some safe bank of this State, as in his judgment he may think best— the interest accruing thereon to be drawn annually and applied to the educating of my said children, and when they shall severally arrive at the age of twenty-one years, it is my will and desire, and I so direct my executor, to pay them their proportional part of the said six thousand dollars.

"*Item.* I give and devise to my beloved wife Julia Creech all the real estate wheresoever situated, including my dwelling-house, my store-houses and all houses and lots I now

own in the town of Hookerton, together with all my personal property of every description not herein otherwise disposed of, to have and to hold to her, the said Julia Creech, for and during her natural life. It is, however, my will and desire that my executor shall have entire control and management of all my business, and to continue or discontinue all or any department of it at any time he may find it not yielding a reasonable profit, and, out of the profits resulting from said business, pay to my wife, from time to time, such amounts as he may consider actually necessary for her support and the support of my children."

\*  \*  \*  \*  \*  \* . \*

The cause having been referred to J. Q. Jackson, Esq., the referee overruled defendant's demurrer. On exception to the referee's report, the Court sustained the referee in overruling the demurrer, and rendered judgment in favor of plaintiff and against defendant for the sum of $1,848.30, the amount found due by the referee.

From the judgment rendered defendant appealed.

*Mr. George Rountree*, for the plaintiff.
*Mr. N. J. Rouse*, for the defendant.

CLARK, J.: The demurrer to the second cause of action should have been sustained. This cause of action is based upon the allegation that by the will the interest on the sum of $6,000 was devoted to the maintenance and education of the children. A reference to the will, item 3, as set out in the record, shows that such interest was devoted to the education of the children only. This cause of action seeks to apply it to the maintenance of the children, and could not have been maintained against the executor himself if living. Clauses two and four of the will appropriate the profits of the business, to be continued by the executor in his discretion, to the maintenance of the children. If the

pleadings as to this cause of action were reformed so as to allege that so much of the fund in the hands of the administrator as is not the aforesaid $6,000, and accumulated interest thereon, arose from the said profits, and that the executor agreed upon or promised compensation for the maintenance of the children, or refused to exercise his discretion in regard to the amount, it may be that then the plaintiff would have a cause of action to have compensation awarded her out of such accumulated profits. But it is not necessary that we decide the point as it is not now before us.

The demurrer to the third cause of action should also have been sustained. It is not clearly made to appear whether the liability of plaintiff for the $37.50 for tuition was incurred before or since the death of the executor. 'If before his death, and plaintiff incurred it at his instance, or by his authority, a good cause of action as to this would be shown, but the burden to clearly allege and to prove the state of facts entitling her to recover is on the plaintiff. In fact, however, it was conceded in the argument that this liability was incurred since the executor's death. Putting out of view the absence of any allegation that plaintiff incurred the liability at the instance, or by authority of, defendant, which defect is fatal to plaintiff's claim, we will consider, as the parties desire it, the question whether the defendant, an administrator *de bonis non cum testamento annexo*, had power to execute the trusts expressed in the will. The statute (*The Code*, § 2168) is as follows: " In all cases where letters of administration, with the will annexed, are granted, the will of the testator must be observed and performed by the administrator with the will annexed, both in respect to real and personal property, and an administrator with the will annexed has all the rights and powers, and is subject to the same duties as if he had been named executor in the will." As to powers conferred upon the executor by the second and fourth items of the will to continue the busi-

ness of the testator, as long as in the executor's judgment it shall be profitable, and to pay out of the profits such amounts as in his judgment should be necessary for the support of testator's widow and children, they were *personal to and discretionary with* the executor, and became extinct at his death. They could not be judicially prolonged and vested either in the administrator *c. t. a.*, nor in a substituted trustee. *Young* v. *Young*, 97 N. C., 132; Lewin on Trusts, 435.

As to all the other powers and duties conferred by the will, including that of holding the $6,000 and applying the annual interest to the education of the children, the administrator with the will annexed becomes a trustee for any trusts declared in the will which could pass and be transferred to any one, as much as if he had been named executor. *Jones* v. *Jones*, 2 Dev. Eq., 387. In the present case, however, there is no trust which can survive and pass to the administrator under the statute, except that imposed in regard to the $6,000. The discretion given to the executor as to that was only as to the manner of safe-keeping, an incidental matter which does not extinguish it at his death. The general duties of the executor in regard to settling the estate pass of course to the administrator. On such settlement he should pay over to the distributees, or their guardian, the fund remaining after payment of debts and charges of administration, except the $6,000, and interest thereon, which trust he should execute under the will.

We are aware that there are decisions in New York and some other States that only such powers pass to the administrator as belonged to the executor *virtute officii*, and that the other trusts conferred by the will which are not in the scope of the common law duties of an executor do not pass to the administrator, but that a trustee must be appointed to execute them. A scrutiny of these cases shows that they all enforce the idea that, as an executor at common law had no control over realty, a power conferred on him by the will

to sell real estate, does not pass to the administrator. Our statute, however, (*The Code,* § 1493) expressly provides that it shall, and the reasoning in those cases has no application here, and we prefer to follow our own precedent. *Jones* v. *Jones, supra.* As the appointment of an administrator and of a trustee would be by the same Court, and both are required to give bond and to make returns, and in all respects are subject to the same supervision, there seems no good reason to require the appointment of a trustee, when *The Code* (§§ 1493 and 2168), by a fair and reasonable construction, indicates clearly the intention to devolve upon the administrator *c. t. a.* "all the rights and powers" conferred on the executor by the will. It would add to the expense, but hardly to efficiency in executing the will, to have two officers instead of one. The same general legislative intent is shown by chapter 147, Acts 1887, which provides that the executor or administrator of a mortgagee, in a mortgage containing a power of sale, may sell under the power without the necessity of the Court appointing a new trustee.

The demurrers to both causes of action should have been sustained, with leave to plaintiff to amend the complaint if desired. The cause is remanded that it may be so ordered.

Error.