CARRIE E. SMITH, et al v. W. M. SMITH, et al.

*Trust Estate—Contingent Remainder in Land—Applica-
tion to Sell Land and Re-invest Proceeds—Equitable
Jurisdiction.*

Where land is held under a deed of trust creating contingent
remainders, a court has no power to order its sale and a
re-investment of the proceeds, when all the interests are not
represented in· the proceeding, and cannot be, even by
classes, because of the uncertainty of future events.

CIVIL ACTION, heard before *Timberlake, J.*, at Septem-
ber Term, 1895, of MECKLENBURG Superior Court.

On the 6th day of April, 1880, Nancy S. Smith made a
conveyance of certain real estate to Carrie E. Smith, W.
Mc. Smith and W. H. Bailey in trust for the benefit of

certain individuals therein mentioned, with limitations and contingent interests to numerous other persons, named therein. The purpose of the present action is to induce the court to order a sale of said real estate, and direct a re-investment of the proceeds upon the same trusts and limitations.

His Honor held that the court had no power to order the sale, and plaintiffs appealed.

*Messrs. Clarkson & Duls*, for plaintiffs (appellants).
*Mr. James A. Bell*, for defendants.

FAIRCLOTH, C. J.: The plaintiffs' application is for an order to sell land and re-invest the proceeds. They show that it would promote their interest if they can do so. The deed under which they derive their interest shows an estate for life in Carrie E. Smith, with divers contingent remainders depending upon the happening of several future events.

However well the Court might be convinced of the propriety of the sale, it is powerless to grant the plaintiff's application for the reason that these remainder interests are not and cannot be before the Court, as they can only arise *in futuro*. Whether or when they may arise does not affect the question, as they may do so. They cannot now be represented even by classes, because of the uncertainty of future events. This rule has been long settled, and the reasoning seems to be exhausted in the following cases cited by the defendant: *Watson* v. *Watson*, 3 Jones Eq., 400; *Justice* v. *Guion*, 76 N. C., 442; *Young* v. *Young*, 97 N. C., 132.

Affirmed.