WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR C. T. A., D. B. N., OF THE ESTATE OF FLORENCE P. TUCKER, v. W. H. KING DRUG COMPANY.

(Filed 1 May, 1940.)

1. **Executors and Administrators §§ 9, 12b—Ordinarily, administrator c. t. a. may exercise all powers of sale granted the executor by the will.**

By provision of statute, C. S., 90, 4170, upon the death or removal of the executors named in the will, the administrator c. t. a. succeeds to all rights, powers and duties of the executors, and he may exercise all powers of sale granted the executors by the will regardless of whether they are given the executor *virtute officii* or *nominatim*, unless the language of the will definitely limits the exercise of the power of sale to the person named executor or unless the executor is made the donee of a special trust, given by reason only of peculiar or special confidence in him, and the mere appointment of an executor and the granting of power to him to sell real estate in his discretion, although evidencing confidence, does not necessarily constitute him the donee of a special trust so as to preclude the exercise of the power of sale by the administrator c. t. a.

2. **Same—Held: Under facts of this case, the administrator c. t. a. has the authority to exercise the power of sale granted in the will.**

Testatrix devised the residuum of her property to named executors to be held by them in trust, with direction to pay the income therefrom to named beneficiaries and upon their death and the termination of the trust to divide the property in accordance with directions set forth in the will. The will expressly empowered the executors to sell the realty for the purpose of settling the estate and dividing the property as directed. One of the executors died and the other was removed, and plaintiff was appointed administrator c. t. a. *Held:* The administrator c. t. a. is authorized to exercise the power of sale, the executors not being the donees of such a special trust as to render the power of sale personal to them, and such authority being necessary to effectuate the intent of testatrix for the ultimate division of the estate.

3. **Same—**

It will be presumed that a will is executed in contemplation of the statutes providing that an administrator c. t. a. succeeds to all the rights, powers and duties of the executor, C. S., 90, 4170.

**4. Same—**

Where a will provides for the sale of lands by the personal representative for distribution of the estate among the ultimate beneficiaries, mortgages and assignments executed by such beneficiaries prior to the settlement of the estate cannot defeat the power of sale, and the personal representative may convey the lands free of such liens. The right of the lienors in the proceeds of sale is not presented for determination.

APPEAL by plaintiff from *Frizzelle, J.,* at Chambers in Snow Hill, 30 November, 1939. From WAKE.

*Carroll W. Weathers and Charles H. Young for plaintiff, appellant.*
*Smith, Leach & Anderson and John E. Lawrence for defendant, appellee.*

SCHENCK, J. This is a controversy without action submitted under C. S., 626, wherein it is agreed that the defendant W. H. King Drug Company contracted to purchase and the plaintiff Wachovia Bank & Trust Company, administrator *c. t. a., d. b. n.,* of the estate of Florence P. Tucker, contracted to sell a certain tract or lot of land on the east side of South Wilmington Street in the city of Raleigh, and that the plaintiff has tendered to the defendant a deed sufficient in form to convey a good indefeasible title to said land, and that the defendant has refused to accept said deed and pay the agreed purchase price. It is the contention of the defendant that the plaintiff has not the power to convey a good indefeasible title to said land. It is the contention of the plaintiff that it does have such power. The court was of the opinion that the defendant's contention was correct and entered judgment accordingly, to which judgment the plaintiff excepted and appealed, assigning error.

The solution of the controversy involves an interpretation of the will of the late Florence P. Tucker which is duly recorded in Will Book "G," page 52, office of the clerk of the Superior Court of Wake County.

The testatrix appointed Thomas B. Womack and Cary K. Durfey executors of her will. They both qualified upon the admission of the will to probate in 1909. Womack died in 1910 and Durfey was removed in 1930. The plaintiff qualified as administrator *c. t. a., d. b. n.,* immediately upon the removal of Durfey.

After certain specific bequests and devises, Florence P. Tucker by her will, Item 8th, directed her executors to divide the residuum of her estate into six equal shares. Each of the six shares was bequeathed and devised to Thomas B. Womack and Cary K. Durfey upon certain trusts: (1) One share to be held in trust and the income used to support, maintain and educate the children of the late Wm. R. Tucker, deceased son of the testatrix, and as each child became 30 years of age the trustees to pay

over to him his aliquot part of said share. All of the children of Wm. R. Tucker have attained the age of 30 and are entitled to their proportionate shares. (2) The remaining five shares to be held in five separate equal trusts, one share for each of the five daughters of the testatrix, and the income from each said trust to be paid to each said daughter for life. At the death of any daughter the share so held in trust for her to be paid over and conveyed to her issue *per stirpes*. Three of the five daughters have died and the issue of the deceased daughters are now entitled to their proportionate shares.

Prior to the removal of Cary K. Durfey, as executor and trustee, several parcels of land included in the residuum of the estate were sold by deeds executed by Durfey as executor and trustee and by those persons entitled at the time of such sales to the remainder interests in those trusts which had terminated by virtue of the death of certain of the daughters of the testatrix, and the proceeds from such sales divided in accordance with the terms of said will.

The remainder of the real property included in the residuum of said estate, of which the *locus in quo* is a part, has not been divided as directed in Item 8th of said will, and because of the large number of parcels of land and their varying areas and values, actual division thereof is virtually impossible. For the same reasons, and also because of the large number of the remainder beneficiaries who are now entitled to their proportionate shares, division of said lands among those now entitled to the same is likewise virtually impossible.

Certain of the beneficiaries entitled to interests in the unsold real estate included in the residuum of the estate of Florence P. Tucker have executed mortgage liens and assignments against their interests in the unsold residuum of the estate, which mortgages and assignments are unpaid and outstanding.

The second paragraph of Item 12th of the will of Florence P. Tucker reads: "Said executors, for the purpose of settling my estate or making the division and executing the trusts herein provided for, shall have the power and are hereby authorized, as they see fit without being required to obtain an order of court for that purpose to sell and convey any part or portion of my property or estate, real or personal, and receive the proceeds of such sale. . . ."

C. S., 90, reads: "When any or all of the executors of a person making a will of lands to be sold by his executors die, fail or for any cause refuse to take upon them the administration; or, after having qualified, shall die, resign, or for any cause be removed from the position of executor; or when there is no executor named in a will devising lands to be sold, in every such case such executor or executors, as survive or retain the burden of administration, or the administrator with the will

annexed, or the administrator *de bonis non,* may sell and convey such lands; and all such conveyances which have been or shall be made by such executors or administrators shall be effectual to convey the title to the purchaser of the estate so devised to be sold."

C. S., 4170, reads: "In all cases where letters of administration with the will annexed are granted, the will of the testator must be observed and performed by the administrator with the will annexed, both in respect to real and personal property, and an administrator with the will annexed has all the rights and powers, and is subject to the same duties, as if he had been named executor in the will."

These statutes have been interpreted by this Court. In *Council v. Averett,* 95 N. C., 131, where the question involved was the power of the administrator with the will annexed to exercise the power of sale of real estate where the testator, in regard to his real estate, upon the death of his wife directs "it to be sold," the Court said, "The single question presented by the record for our decision is, did the will above set forth confer on the executors therein named power to sell the land embraced by it? If it did so, then the administrator *cum testamento annexo,* mentioned, had the like power by virtue of the statute (The Code, sec. 2168), which confers on such administrators the like power as the will conferred upon the executors, and the deed under which the plaintiff claims title, is valid." The Code, section 2168, referred to is now C. S., 4170.

Again in *Orrender v. Call,* 101 N. C., 399, where the will provided: "At the death of my beloved wife, then all my lands to be sold by my executor, and the money divided, as will hereafter be stated," the Court said, "We think the administrator, with the will annexed, had the power under the statute to sell, and that the deed from him to the purchaser was valid and conveyed a good title. Rev. Stats., ch. 46, sec. 34; Rev. Code, ch. 46, sec. 40; The Code, sec. 1493; *Rodgers v. Wallace,* 50 N. C., 181; *Council v. Averett,* 95 N. C., 131; *Vaughan v. Farmer,* 90 N. C., 607, and cases cited." The Code, section 1493, here cited is the same as C. S., 90.

The language of sections 90 and 4170 of the Consolidated Statutes, in their application to the case at bar, is plain and unambiguous. Section 90 provides that when all of the executors of a person making a will of lands to be sold by his executors die or are removed, the administrator with the will annexed may sell and convey such lands. There is no limitation, expressed or implied, to the effect that the administrator with the will annexed may sell only where the power given to the executor is given *virtute officii,* and not where it is given as a personal power to the executor *nominatim.* Nothing in the statute, read literally or contextually, limits the administrator's power. This position is strength-

ened by section 4170, which provides that in *"all"* cases" where letters of administration with the will annexed are granted, such administrator has all the rights and powers as if he had been named executor. To construe these two statutes so as to limit the administrator with the will annexed to those powers only which are given the executor *virtute officii,* and to preclude him from exercising the powers given the executor *nominatim,* is to circumscribe the provisions and apparent intention of the statutes.

It is fundamental that the intention of the testator should be effectuated. With respect to the sale of lands by the administrator with the will annexed in lieu of the sale by the executor where power to sell is given to the latter, a construction of the statutes which makes for the exercise of the power given by the will to the executors by the administrator with the will annexed, except where a contrary intention clearly appears, does no violence to the intention of the testator, since he is presumed to have made his will in contemplation of the statutes.

All courts, so far as our investigation reveals, in applying statutes similar to ours,· hold that where a power of sale of real estate is given to an executor *virtute officii* the administrator with the will annexed succeeds to the power. While some courts hold that where the power of sale is given to the executor *nominatim,* based on personal trust and confidence in the person named as executor, such person is regarded as a trustee, and the administrator with the will annexed does not succeed to the power, the contrary has been held in this jurisdiction.

In the case of *Creech v. Grainger,* 106 N. C., 213, it is written: "We are aware that there are decisions in New York and some other states that only such powers pass to the administrator as belonged to the executor *virtute officii,* and that the other trusts conferred by the will which are not in the scope of the common law duties of an executor do not pass to the administrator, but that a trustee must be appointed to execute them. A scrutiny of these cases shows that they all enforce the idea that, as an executor at common law had no control over realty, a power conferred on him by the will to sell real estate, does not pass to the administrator. Our statute, however (The Code, sec. 1493), expressly provides that it shall, and the reasoning in those cases has no application here, and we prefer to follow our own precedent. *Jones v. Jones, supra* (17 N. C., 387). As the appointment of an administrator and of a trustee would be by the same court, and both are required to give bond and to make returns, and in all respects are subject to the same supervision, there seems no good reason to require the appointment of a trustee, when The Code (secs. 1493 and 2168), by a fair and reasonable construction, indicates clearly the intention to devolve upon the administrator *c. t. a.* 'all the rights and powers' conferred on the executor

by the will. It would add to the expense, but hardly to efficiency in executing the will, to have two officers instead of one."

It would seem, therefore, with us that whether the power given to the executor be an executorial power or whether it be a power exercisable only as trustee, in the event of the death or removal of the executor, it passes to and is exercisable by the administrator with the will annexed, unless it clearly appears that the executor named is made the donee of a special trust, given by reason only of peculiar or special confidence in him, or that the testator by the language of the will definitely limited the exercise of the power to the person named as executor. When the statutes had been enacted at the time a will was executed the testator is presumed to have made his will in contemplation of their existence and application.

While the mere appointment of a person as executor is evidence of confidence by the testator in such person, and the granting of power to sell real estate in the discretion of such person is further evidence of such confidence, such appointment and such grant of power do not necessarily constitute such person the donee of a special trust and take the will from the operation of the pertinent statutes. There is nothing in the will under consideration which manifests an intention upon the part of the testatrix to limit the power of sale to the discretion of particular executors. In truth it clearly appears from the will, when read from its four corners, that the sale of the real estate is necessary to carry out at least one of its prime purposes, namely, to divide the residuum into six shares to be distributed in equal proportions to the testator's six children or their issue *per stirpes*. Without the power of sale the administrator with the will annexed would be practically unable to effectuate this purpose. Since the power to sell is coupled with other purposes of the testatrix which she undoubtedly desired to have carried out in all events, we think, and so hold, that the power of sale given in the will to the executors passed to the plaintiff as administrator with the will annexed.

Relative to mortgages on and assignments of interests in the residuum of the estate by certain beneficiaries entitled thereto under the will, it remains only to be said that it is a well settled principle of law, that where a power of sale of real estate is given by will to a person charged with the administration of an estate, and the beneficiaries under the will, for whose benefit the estate is to be administered, execute deeds or liens thereupon prior to sale of the same by the person so charged, such deeds or liens cannot operate to defeat the powers of the person charged to sell in accordance with the terms of the will, and the deed from the person so charged to the purchaser is valid to convey a good title free from encumbrances. *Orrender v. Call, supra; Jones v. Warren,* 213 N. C., 730. We are not called upon to determine what interest the holders of

these mortgages and assignments may have in the proceeds of the sale by the administrator with the will annexed. All we decide is that these mortgages and assignments cannot divest the power of sale vested by will and operation of the pertinent statutes in the administrator with the will annexed.

We conclude that his Honor erred in holding and adjudging that the deed tendered by the plaintiff would not convey to the defendant a good indefeasible title, and for this reason the judgment below must be

Reversed.