J. C. WELCH, JR., v. WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR, D. B. N., C. T. A., OF THE ESTATE OF J. C. WELCH, SR., DECEASED, AND AS TRUSTEE UNDER THE WILL OF THE SAID J. C. WELCH, SR., ALLIE WELCH FOISTER, LENA WELCH PENNY AND HER HUSBAND, GEORGE T. PENNY; AND ELIZABETH WELCH BURCHFIELD AND HUSBAND, D. C. BURCHFIELD; WILLIAM T. FOISTER AND THOMAS W. FOISTER, MINOR, AND J. A. CANNON, JR., GUARDIAN AD LITEM OF THOMAS W. FOISTER, MINOR.

(Filed 22 May, 1946.)

1. Trusts § 14: Executors and Administrators § 10—

   The will in suit set up a trust and named an executor and executrix to handle the estate, giving them or the survivor of them the power to sell or improve unproductive real estate, to invest the personalty or the proceeds of sale of realty in Government bonds or in the improvement of realty, in their discretion, with provision that upon the death of either,

the powers therein delegated should be exercised by the survivor, and upon the death of both, the trust should terminate and the *corpus* divided. *Held:* The powers conferred by the will were personal and discretionary.

**2. Same—**

Where the powers conferred upon the executor or trustee named in a will are personal and discretionary, such powers, as a general rule, cannot be exercised by a substitute or successor, nor can the court appoint another in the event of the death, incompetency or other failure of the designated person.

**3. Same: Trusts § 30—**

The will in this case set up a trust and conferred personal and discretionary powers upon the executor and executrix named therein, with provision that upon the death of both of them the *corpus* should be divided among named beneficiaries. The executrix died, and the executor was removed for cause. *Held:* Since the powers cannot be exercised by a substitute or successor, the removal of the executor has the same effect in regard to the trust as though he had died, and the trust is terminable.

**4. Trusts § 29—**

Where a will sets up a trust and provides that the net income should be divided among named beneficiaries, and upon the termination of the trust, the *corpus* divided among them, without limitation over, *held* the death of a beneficiary terminates the trust as to her share, and such share descends to her heirs at law.

**5. Wills § 33d—**

The will in suit set up a trust and provided that the net income should be divided among testator's wife and children, and upon termination of the trust upon the death of both trustees that a second trust with a corporate trustee be set up for the share of one daughter, A, and the balance of the *corpus* divided among the other children. There was no provision for any limitation over. *Held:* Upon the death of one of the children without issue, "A" took her *pro rata* part by inheritance unaffected by the second trust.

APPEAL by defendant, Wachovia Bank and Trust Company, Administrator *d. b. n., c. t. a.,* of the estate of J. C. Welch, Sr., deceased, from *Nettles, J.,* at February Civil Term, 1946, of GUILFORD (Greensboro Division).

Civil action for termination of testamentary trust and for final settlement of administration of estate of J. C. Welch, Sr., deceased, to which defendant Wachovia Bank and Trust Company, as administrator *d. b. n., c. t. a.,* of estate of J. C. Welch, Sr., deceased, and as Trustee under his last will and testament, by permission of court filed cross action for declaratory judgment, as to questions of law as hereinafter shown, upon which cross action the case was heard and determined in Superior Court.

The cause coming on for hearing the court found, and all the parties admitted substantially these pertinent facts as alleged in the cross action aforesaid:

I. That J. C. Welch, Sr., of Guilford County, North Carolina, died on 19 July, 1920, leaving a last will and testament, which was duly probated and recorded in said county on 14 August, 1920, pertinent portions of which are as follows: "After payment of my just debts and funeral expenses, I declare that my property shall be managed and disposed of as hereinafter directed:

"1. I constitute and appoint my wife, Mary Welch, and my son in law, George T. Penny, executor and executrix respectively of this my last will and I give them, or in case of the death of either of them, the survivor, full power and authority to manage, invest, reinvest and to sell both real and personal estate by public auction or by private sale and to convey the same by such deeds or other instruments as may be necessary to present the legal title thereto . . .

"3. I direct that my said executrix and executor or either of them shall collect all interest and other income after paying all expenses, properly chargeable to income, to pay over the balance or net income in monthly payments as follows: (1) one-sixth to my wife, Mary Welch, during her natural life and at her death the said one-sixth shall be paid equally to all of my children or their representatives. (2) One-sixth to my daughter, Lena E. Penny. (3) One-sixth to my daughter, Ruth Welch. (4) One-sixth to my daughter, Lizzie Welch. (5) One-sixth to my wife, Mary Welch, for the use and benefit of my son, J. C. Welch, Jr., during his minority and to my son, J. C. Welch, Jr., I direct the said one-sixth to be paid after his arriving at his majority and thereafter. (6) The remaining one-sixth I direct to be paid to my daughter, Allie Foster, wife of J. T. Foster, during her natural life, to her sole and separate use and upon her individual receipt, to be free from the control, interference, direction or debts of her husband and at the death of my said daughter, Allie Foster, I direct that the said one-sixth income shall go to and be paid to the children of my said daughter, Allie Foster, but if she dies leaving no children or issue of such, then her share shall go and be paid in equal shares to her mother, if living, and her brother and sisters or their heirs.

"4. I direct that in the management of my estate that my executrix and my executor or either of them shall improve or sell all of the unproductive real estate in their, his or her sound discretion and with the proceeds from such sale either improve such real estate as seems best or invest the same in Government Bonds.

"It is my desire and I so direct that all personal property of which I shall die possessed shall be invested either in Government bonds or in

the improvement of my real estate. It is my intention and direction that my estate be managed as above outlined during the life or lives of my executrix or executor and at the death of either of them that the powers herein enumerated shall be exercised by the survivor. At the death of both my executrix and executor, it is my desire and I do direct that my estate be divided into five equal shares and that one share each be given to my daughters, Lena Welch Penny, Ruth Welch and Lizzie Welch and to my son, J. C. Welch, Jr., the remaining share of one-fifth I direct to be paid over to the Wachovia Bank & Trust Company, Winston-Salem, North Carolina, as Trustee, to be held in trust and invested and the net income derived therefrom to be paid over semi-annually or more frequently if practicable to my daughter, Allie Welch Foster, during her natural life, to her sole and separate use and upon her individual receipt to be free from the control, interference, direction or debts of her husband and at the death of my daughter, Allie Foster, the said income from the said one-fifth share shall be paid to the child or children of my said daughter until the youngest child arrives at the age of twenty-one years, at which time the said share of one-fifth, discharged of all trust, shall go and be paid to the child or children of my said daughter, Allie Foster, but if she die leaving no child or children or an issue of such, then the said share of one-fifth shall go and be paid in equal shares to my daughters, Lena E. Penny, Ruth Welch, and Lizzie Welch and to my son, J. C. Welch, Jr., or their heirs."

II. That at the time his will was made and executed, and at the time of his death, J. C. Welch, Sr., had a wife, Mary F. Welch, a minor son, J. C. Welch, Jr., and four daughters, Lena E. (Welch) Penny, Ruth Welch, Elizabeth (Lizzie) Welch, now Elizabeth Welch Burchfield, and Allie Welch Foister; that J. C. Welch, Jr., was not of age and was inexperienced and untried in business affairs; that the four daughters likewise were young and had no business training; that testator had two sons-in-law, J. T. Foister and George T. Penny, the former being *"non grata persona,"* and the latter being "highly regarded and esteemed by the testator as an experienced, able and successful business man . . . and . . . had the trust and confidence of said testator," and testator "had great confidence and trust in his wife . . ., who was acquainted with his affairs to a considerable extent, and aware of his desires and wishes in respect of his estate."

III. That Mary F. Welch and George T. Penny duly qualified as Executrix and Executor of the said will of J. C. Welch, Sr., on 14 August, 1920, and entered upon the execution of the said will and of the trust therein set forth.

IV. That Mary F. Welch died on 12 September, 1933, and George T. Penny was removed as Executor of the will of J. C. Welch, Sr., by order of Clerk of Superior Court of Guilford County, on 7 December, 1935.

V.　That, in the order removing George T. Penny as aforesaid, "defendant, Wachovia Bank and Trust Company, was appointed Administrator *de bonis non, cum testamento annexo* of said estate, and was clothed and vested with all the powers, duties and authority set out in said will of J. C. Welch, Sr., deceased, and vested in it by law," and thereupon said Bank and Trust Company duly qualified and has since been acting as such administrator, and discharging the duties charged upon the executrix and executor by said last will and testament, and holds the assets of said estate, which principally consists of improved productive business real estate.

VI.　That Ruth Welch, one of the five children, and a beneficiary under the will of J. C. Welch, Sr., died intestate on 19 October, 1933, without issue and without ever having been married, leaving as her only heirs at law her brother, J. C. Welch, Jr., and sisters, Allie Welch Foister, Lena Welch Penny and Elizabeth Welch Burchfield, the remaining four beneficiaries mentioned in item four of the will.

VII.　That since the death of Mary F. Welch, the widow, and of Ruth Welch, the daughter, occurred prior to the appointment and qualification of Wachovia Bank and Trust Company, as administrator *d. b. n., c. t. a.,* of said estate, and since J. C. Welch, Jr., is now of full age, the said administrator *d. b. n., c. t. a.,* has been paying the net income of the estate in monthly payments of one-fourth each to Lena Welch Penny, Elizabeth Welch Burchfield, Allie Welch Foister and J. C. Welch, Jr.

VIII.　That at the time of the removal of George T. Penny as executor, as above stated, the estate was considerably in debt, and embarrassed by mortgages, delinquent taxes and street paving assessments, but by careful and prudent management of the administrator *d. b. n., c. t. a.,* the remaining properties of the estate, of the estimated value of $225,000 in real estate, $4,200 in United States Government Bonds of various kinds, and $6,000 in cash, have recently become free from encumbrances; and that all acts and things done by the administrator *d. b. n., c. t. a.,* have been in good faith, and with consent and at request of beneficiaries, who thereby have benefited and profited.

IX.　That in view of the foregoing facts, these questions have arisen relative to the construction and legal effect of certain of the provisions, devises and trusts contained in item four of the will:

"(a) Whether under the intent and meaning of said will the legal effect of the removal of the surviving executor named in said will, George T. Penny, was equivalent to the natural death of the said George T. Penny, and, therefore, whether the first of the trusts, which is mentioned in Items Third and Fourth of said will, is presently terminable, and whether the shares of said Lena Welch Penny, Elizabeth Welch

Burchfield and J. C. Welch, Jr., are now vested in them free of said trusts.

"(b) Whether the death of said Ruth Welch had the effect of terminating the said trust of Items Third and Fourth as to her share and interest.

"(c) Whether the share of Ruth Welch, deceased, upon the termination of the first trust (either as to her share by her death or as to the whole trust estate by the removal of said George T. Penny, as Executor) should be divided equally among her brother and sisters, to wit, the said Lena Welch Penny, Elizabeth Welch Burchfield, J. C. Welch, Jr., and Allie Welch Foister, or whether the portion of Allie Welch Foister of said Ruth Welch's share should be added to the one-fifth (⅕) of said estate directed to be paid over to Wachovia Bank & Trust Company, as Trustee under the last section of Item Fourth of said will of J. C. Welch, Sr., deceased."

In respect of the foregoing questions the court concluded as matters of law:

"1. Under the intent and meaning of said will of J. C. Welch, Sr., deceased, the trust vested therein in the said surviving executor, George T. Penny, was personal to said George T. Penny; that the legal effect of the removal of the said surviving executor, George T. Penny, is equivalent to the natural death of said George T. Penny under the intent and meaning of said will; and that the first of the trusts set up in said will, which is mentioned in Items Third and Fourth of said will, is presently terminable, and the shares of Lena Welch Penny, Elizabeth Welch Burchfield and J. C. Welch, Jr., are now available to them upon demand upon said Wachovia Bank & Trust Company, Administrator d. b. n., c. t. a.

"2. That the death of said Ruth Welch, one of the devisees and beneficiaries under said will, as well as the removal of said George T. Penny as surviving executor, had the effect of terminating the said trust in Items Third and Fourth as to her share and interest; that the share and interest of said Ruth Welch, deceased, in said estate now vests in her surviving brother and sisters, to wit, J. C. Welch, Jr., Lena Welch Penny, Elizabeth Welch Burchfield and Allie Welch Foister, share and share alike under the pertinent statutes governing the estates of persons dying intestate in North Carolina.

"3. That the portion of Allie Welch Foister derived as aforesaid of said Ruth Welch's the decedent's, share under said testator's will is not affected by the trust set up in the said will for the original share of said Allie Welch Foister in the will of said J. C. Welch, Sr., deceased, and the said Allie Welch Foister is entitled to have her proper and equal portion of the share of Ruth Welch, deceased, under said will paid and

delivered to her absolutely, free and discharged of the said trust pro-
vided in said will for her original one-fifth (⅕) share of said estate of
J. C. Welch, Sr., deceased.

"4. That the Wachovia Bank & Trust Company, as Trustee under the
last section of Item Fourth of said will of J. C. Welch, Sr., deceased, is
authorized to hold and retain the original one-fifth (⅕) share of Allie
Welch Foister to be held in trust in accordance with the terms of the last
portion of Item Fourth of said will."

5. That all parties are bound and concluded by the acts and things
done by defendant Wachovia Bank and Trust Company, as administrator
*d. b. n., c. t. a.,* in the administration of the provisions of the will of
J. C. Welch, Sr., and that upon accounting and distribution of the
property ·and funds of the trust estate as above authorized, it shall be
discharged and acquitted of any and all further liability in connection
with the administration of said trust estate, except as to the remaining
trust for the benefit of Allie Welch Foister, as above set forth.

Judgment was thereupon entered in accordance with the above con-
clusions of law.

Defendant Wachovia Bank and Trust Company, administrator *d. b. n.,
c. t. a.,* of the estate of J. C. Welch, Sr., excepts to conclusions of law
1, 2 and 3, and to the signing of the judgment, and appeals to the
Supreme Court.

*Clifford Frazier for plaintiff, appellee.*
*Rupert T. Pickens for defendant, appellant.*

WINBORNE, J.   The exceptions to the conclusions of law, assigned by
appellant as errors in the judgment below, raise several questions—the
primary one being whether the powers vested in the executrix and the
executor, or the survivor of them, under the provisions of the will of
J. C. Welch, Sr., are personal to, and discretionary with them. If so,
whether such powers may be exercised by an administrator *de bonis non,
cum testamento annexo.* As to these the ruling of the court below seems
to be in accòrd with pertinent legal principles.

The powers of an executor, or trustee, are personal in their relation to
him when the testator or trustor manifests an intention that, under no
circumstances, should such powers be exercised by anyone else.   54 Am.
Jur., 221, 232, Trusts, sections 281, 292.   Whether the powers are per-
sonal in character is to be ascertained from a consideration of the will
as a whole, and from the nature and objects of the trust created thereby,
in the light of surrounding circumstances.   54 Am. Jur., 231, 232,
Trusts, sections 291, 292.

The powers of an executor, or trustee, are discretionary when they cannot be duly exercised without the application of a certain degree of prudence and judgment. Black's Law Dictionary. If the executor, or trustee, can decide to exercise or not to exercise, within his discretion, powers given to him, the powers are discretionary. 54 Am. Jur., 231, Trusts, section 290.

Thus when the provisions of the will of J. C. Welch, Sr., are considered in the light of these principles of law, it is clear that the powers conferred upon the executrix, his wife, and the executor, his son-in-law, in whom he was well pleased, or the survivor, are personal to them, and to be exercised in their discretion. The provisions directing (1) that in the management of his estate his executrix and his executor or either of them "shall improve or sell all of the unproductive real estate in their, his or her sound discretion, and with the proceeds from such sale either improve such real estate as seems best or invest same in Government Bonds," and (2) "that all personal property . . . shall be invested in Government Bonds or in the improvement of my estate," coupled with the expressed intention and direction "that my estate be managed as above outlined during the life or lives of my executrix or executor and at the death of either of them that the powers herein enumerated shall be exercised by the survivor," and that "at the death of both my executrix and executor, it is my desire and I do direct that my estate be divided, etc.," indicate the testator's personal confidence in the sound judgment and discretion of his named executrix and executor, or of the survivor, and his trust in their exercise of the discretionary powers enumerated, but to continue only so long as the survivor should live.

And it is a general rule of law that purely personal and discretionary powers of an executor or trustee cannot be exercised by a substitute or successor, nor can a court appoint another in the event of the death, incompetency, or other failure of the designated person. 54 Am. Jur., 106, 221, Trusts, sections 122, 281. *Re Doe's Will*, 232 Wis., 34, 285 N. W., 764, 126 A. L. R., 926. This principle is recognized in this State by opinions in these cases: *Young v. Young,* 97 N. C., 132, 2 S. E., 78; *Creech v. Grainger,* 106 N. C., 213, 10 S. E., 1032; *McAfee v. Green,* 143 N. C., 411, 55 S. E., 828; *Trust Co. v. Drug Co.,* 217 N. C., 502, 8 S. E. (2d), 593.

In the *Young case, supra,* this headnote epitomizes the principle, "Where a power is to be exercised entirely at the discretion of the donee of the power, courts of equity have no jurisdiction to force him to act, and if he has died without exercising the power, they cannot confer it upon a trustee appointed by the court."

Also, in the *Creech case, supra,* the Court held that trusts personal to and discretionary with the executor became extinct at his death, and

could not be judicially prolonged and vested either in the administrator c. t. a. or in a substituted trustee.

And in the *Trust Co. case, supra,* the Court held that the power given to an executor, exercised as such or only as trustee, in the event of death or removal of trustee, passes by virtue of statutes—(now G. S., 28-24, and G. S., 28-97)—to and is exercisable by the administrator with will annexed, "unless it clearly appears that the executor named is made the donee of a special trust, given by reason only of peculiar or special confidence in him, or that the testator by the language of the will definitely limited the exercise of the power to the person named as executor."

Therefore, in the present case, the executrix having died, and the surviving executor having been removed for cause, the personal confidence imposed by the testator had run its course and spent its force, just as effectively and completely as if the survivor had died, and the trust created came to an end.

Appellant next challenges the ruling of the court that the death of Ruth Welch, one of the devisees and beneficiaries under the will of J. C. Welch, had the effect of terminating the trusts in items three and four as to her share and interest in the estate, and that such share vested in her surviving brother and sisters. However, it is conceded in brief of appellant that if the removal of the surviving executor had the effect of terminating the trust, and that consequently the time has arrived for dividing the estate as directed in the will, the second conclusion of law, and the portion of the judgment based thereon, are correct. Nevertheless, see *Baker v. McAden,* 118 N. C., 740, 24 S. E., 531; and *Fisher v. Fisher,* 218 N. C., 42, 9 S. E. (2d), 493. The *Baker case, supra,* is very similar to the one in hand. There the Court held that the death of a beneficiary terminated the trust as to her share in the estate. And in the *Fisher case, supra,* it is held that in such event, there being no limitation over, title would descend to heirs at law of the beneficiary.

Lastly, the appellant challenges the correctness of the third conclusion of law which holds that the portion of the Ruth Welch share of the J. C. Welch estate, which her sister Allie Welch Foister inherited from her, is not affected by the provisions of the trust which J. C. Welch, Sr., set up in his will for Allie Welch Foister, and that she, Allie Welch Foister, is entitled to receive same freed and discharged of the provision of the trust so set up by J. C. Welch, Sr., in his will. A reading of the will clearly shows that the trust set up by him for his daughter Allie Welch Foister is well defined, and that in no view does it affect anything Allie Welch Foister takes from her sister by inheritance.

The judgment is

Affirmed.