EMMIE S. PIPPIN v. JOHN H. BARKER AND WIFE, ESTELLA BARKER.

(Filed 2 May, 1951.)

**1. Trusts § 20a—**

Where land is conveyed to a person as trustee for his daughter with power in the trustee to sell upon such terms as may seem reasonable and fit and hold the proceeds in the manner as may seem fit and reasonable to him, all for the care and well being of the *cestui*, with further provision that the exercise of such power should be solely within the discretion of the named trustee, *held* the power of the trustee to sell was a special personal discretionary power and the death of the trustee without having exercised the power extinguishes it.

**2. Trusts § 13—**

Where the trustee is made solely a depositary of title for the benefit of the *cestui* with a personal discretionary power to sell and hold the proceeds for her benefit, the extinguishment of the personal discretionary power of sale by the death of the trustee transforms the trust into a passive one, and by operation of our Statute of Uses the legal as well as the equitable estate becomes vested solely in the *cestui*. G.S. 41-7.

APPEAL by defendants from *Armstrong, J.,* January Term, 1951, of HENDERSON.

Suit for specific performance submitted to the trial judge on an agreed statement of facts and waiver of jury trial.

Plaintiff, being under contract to convey to the defendants a tract of land in Henderson County, tendered deed sufficient in form to vest in defendants fee-simple title to the property. The defendants refused tender, alleging the title offered to be defective.

Decision below was made to turn on the construction of the deed, under which the plaintiff claims title, from Chester R. Glenn to D. Sams, Trustee for Emmie C. Sams (who is the plaintiff), dated 19 June, 1925, and registered in the Public Registry of Henderson County in Deed Book No. 137, page 73 *et seq.*

It was stipulated below that the deed "is legal in form," with the following power appearing in the deed after the covenants of seizin and warranty:

"The trustee herein named shall have the right and power at any time during the lifetime of the said Emmie C. Sams to sell the property herein described by private or public sale, upon such terms as may to him seem fit and reasonable with power to make a good and sufficient deed in fee simple therefor upon the trust to hold or invest or otherwise use all or part of the proceeds from such sale in the manner that may seem to him most fit and reasonable for the care and well-being of the said Emmie C.

Sams. His exercise of such power to be solely within the discretion of the said Trustee named herein."

It was further stipulated that D. Sams, the trustee named in the deed, is dead; that he left a will, which has been duly probated, providing in effect that all of his property of every kind, including all property held by him "as trustee and/or agent," shall pass to his executors in trust, with direction that the executors, as trustees, shall collect the rents and profits and apply them to the use of his daughter, the plaintiff, Emmie Sams Pippin, and her children, during her lifetime.

On the facts agreed, the court, being of the opinion that the deed tendered was sufficient to convey a good title, entered judgment for the plaintiff, from which the defendants appeal, assigning error.

*Charlton E. Huntley and L. B. Prince for plaintiff, appellee.*
*O. B. Crowell for defendant, appellant.*

JOHNSON, J. Decision here turns on whether the discretionary power of sale vested in D. Sams expired at his death, or survived and was transmitted to his executors. If the power expired, plaintiff's title is good and she prevails; if the power survives, her title is thereby encumbered and she may not prevail. The court below ruled with the plaintiff,—that the power expired,—and we approve.

The controlling principle is stated in 41 Am. Jur., Powers, Sec. 31, p. 826: "It may be said to be the general rule that where a power is coupled with a personal confidence or discretion the donee cannot delegate its execution to another. This rule has been applied to powers, such as powers of sale, given to an agent, executor, or trustee. Where, however, no discretion is involved, the power may be delegated," . . .

The decisions of this Court are in harmony with the foregoing rule. *Haslen v. Kean,* 4 N.C. 700, pp. 715 and 717; *Young v. Young,* 97 N.C. 132, 2 S.E. 78; *Welch v. Trust Co.,* 226 N.C. 357, 38 S.E. 2d 197. The leading text-writers also are in accord: Thompson on Real Property, Permanent Ed., Vol. 4, Sections 2281 and 2289, pp. 825 and 837; Tiffany, Law of Real Property, 3d Ed., Vol. 3, Sec. 693, p. 35 *et seq.*

In *Welch v. Trust Co., supra* (226 N.C. 357), *Winborne, J.,* speaking for the Court, said: "And it is a general rule of law that purely personal and discretionary powers of an executor or trustee cannot be exercised by a substitute or successor, nor can a court appoint another in the event of the death, incompetency, or other failure of the designated person."

The deed under which the plaintiff claims title conferred upon the trustee, D. Sams, the power to sell the property at any time during plaintiff's lifetime. However, the language of the paragraph creating the power, by necessary implication if not by express provision, seems to

limit the exercise of the power to the sole discretion of the trustee, D. Sams: twice the reference is to "the trustee herein named," with what appears to be an express limitation on its exercise to "the discretion of the trustee named herein." Here, the power to sell seems to have been conferred under special personal confidence reposed in D. Sams, coupled with a clear intent on the part of the grantor that the power should be exercised solely in the discretion of D. Sams. This being so, the power, not having been exercised by D. Sams during his lifetime, was extinguished by his death. Thompson on Real Property, Permanent Ed., Vol. 4, Sec. 2304, p. 859; Tiffany, Law of Real Property, 3d Ed., Vol. 3, Sec. 707, top p. 79; *Welch v. Trust Co., supra* (226 N.C. 357).

With the discretionary power of sale thus eliminated from the deed, there remains for our further interpretation nothing more than a regular form deed made to "D. Sams, Trustee for Emmie C. Sams" (now the plaintiff). This deed prescribes no duties of any kind to be performed by the trustee. He is made a depositary only of title. Where this is the case, the trust is passive (*Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518), as distinguished from active (*Fisher v. Fisher,* 218 N.C. 42, 9 S.E. 2d 493). Therefore, by operation of our Statute of Uses, G.S. 41-7, the legal, as well as the equitable, estate in the land passed to and became vested solely in the plaintiff. *Patrick v. Beatty,* 202 N.C. 454, 163 S.E. 572; *Deal v. Trust Co.,* 218 N.C. 483, 11 S.E. 2d 464.

It is not necessary for us to discuss the question of when the Statute of Uses executed the use in this particular case, that is, (1) whether execution occurred when the deed was made, thus creating at that time a defeasible fee, subject to be defeated by the exercise of the discretionary power of sale or made absolute by the extinguishment of the power of sale (*Henderson v. Power Co.,* 200 N.C. 443, p. 446, 157 S.E. 425), or (2) whether the merger of the legal and equitable estates was delayed until the power of sale expired with the death of D. Sams. This question being moot, we refrain from discussing it.

The judgment below is
Affirmed.