*James L. Jenks* for Winnie Lewis Monroe and Augustus A. Mann.

*Lawrence F. Nolan, City Solicitor*, for City of Central Falls.

---

ROWLAND HAZARD, Trustee *et al. vs.* LEONARD BACON *et al.*

JANUARY 7, 1920.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Wills. Trusts. Trustees. Discretion. Substituted Trustee.*

Where testator created a trust in favor of the daughters of the original trustee as a class with power in the father, who was named as trustee, to apportion the fund equally or otherwise as he should deem for the best interest of the class, and with power of appointment in the original trustee to designate a new trustee by will or otherwise who should hold the trust estate subject to such condition not incompatible with the intent of the will as the original trustee might prescribe, and the original trustee died without executing the power or making a new appointment, the power given the original trustee to apportion the trust estate among his daughters as he saw fit was a special discretionary one, personal to him and not annexed to the trust itself, and cannot be exercised either by a substituted trustee appointed by the court nor by the court, but the general intention of testator will not be permitted to fail and a division of the trust estate among the members of the class will be ordered in accordance with the most equitable rule which in this case is that of equality.

BILL IN EQUITY for construction of will. Heard upon certification by Superior Court.

SWEETLAND, J. This is the bill in equity of Rowland Hazard, Trustee, and of Caroline Hazard, Helen H. Bacon and Margaret H. Fisher, praying for the construction of certain provisions contained in the will of Rowland Hazard, late of South Kingstown, and for instructions to said trustee.

Said bill in equity being ready for hearing for final decree has been certified to this court for its determination in accordance with the provisions of the statute.

It appears that the testator Rowland G. Hazard is the great grandfather of the complainant trustee; that said testator died in 1888 and in his will which was duly probated made a certain bequest to his son Rowland Hazard, the grandfather of the complainant trustee. Said bequest is as follows: "To my son Rowland Hazard I give & bequeath the sum of seventy-five thousand dollars as a fund to be held by him as trustee with all the income & profits derived from the same in trust for the use and benefit of his daughters, children of the said Rowland & Margaret R. his wife, to be expended for or divided among his said daughters in such proportion & amounts to each and at such times to any one or more of them as he may deem fit, with power and authority to the said Rowland to transfer the said fund or any portion thereof to such other trustee, or trustees by will, or otherwise, as he may appoint in his stead to hold the same in trust for the use & benefit of the said daughters or of such of them as the said Rowland may designate in writing at the time of the transfer or transfers to said other trustee or trustees or thereafter. The said trustee or trustees so appointed by said Rowland to hold the said fund or any portion thereof for the use & benefit of the said daughters, or of any of them, subject to such conditions not incompatible with the terms & intent of this will as the said Rowland may prescribe.

"In case of the death of any of the said daughters, her issue, if any, to stand in her place & stead in relation to said fund; and if without issue, the said Rowland shall hold any portion which had been or would have been assigned to her, with the income & profits thereof for the use & benefit of any or all of the children of the said Rowland & Margaret R. in such proportion and at such times as the said Rowland may deem fit."

It further appears that at the time of the death of said testator the complainants Caroline Hazard, Helen H. Bacon and Margaret H. Fisher were the only daughters of Rowland Hazard, the trustee named in the will, and his wife Margaret R. Hazard; that said daughters are now alive and are now and always have been the only daughters of said Rowland and Margaret R. It does not appear whether or not said Margaret R. Hazard is now alive but her husband, said Rowland, died in 1898. Said Rowland Hazard, the trustee named in said bequest, accepted the trust and administered the same during his life, without making any appointment of a new trustee or any provision for carrying on the trust after his death. Upon his death in 1898 he left a will which contained no provision with respect to said trust fund or the appointment of a new trustee. On December 8, 1917, the complainant Rowland Hazard was by decree of the Superior Court appointed trustee under the will of said Rowland G. Hazard in the place of said Rowland Hazard deceased, and the said complainant now holds said trust fund of seventy-five thousand dollars with certain accumulations.

The complainant trustee desires to terminate said trust and divide said trust estate among said Caroline Hazard, Helen H. Bacon and Margaret H. Fisher, and asks this court to construe said will and advise him as to his power to make such division and terminate said trust. Said complainant further states in his bill that if it be determined that he has the power to divide said trust estate, it is his intention to make an equal division thereof among said Caroline Hazard, Helen H. Bacon and Margaret H. Fisher.

It has been urged before us that the authority and discretion vested in the original trustee can be exercised by the present trustee. Our attention has been called to Gen. Laws 1909, Chap. 259, "Of Trusts." Said chapter after providing for the appointment of new trustees proceeds in Sections 5 and 7 as follows: "Sec. 5. Every trustee appointed pursuant to the provisions of this chapter shall

have the same powers, authorities and discretions, and may in all respects act, as if he had been originally appointed a trustee by the instrument, if any, creating the trust."
"Sec. 7. The preceding six sections apply only if and as far as a contrary intention is not expressed in the instrument, if any, creating the trust, and shall have effect subject to the terms of that instrument and to any provisions therein contained."

The power given by the testator to the original trustee was to expend for or divide among said daughters "in such proportion & amounts to each and at such times to any one or more of them as he may deem fit." The power thus given indicated a high degree of personal confidence in the trustee named. The trustee was the father of the beneficiaries and acquainted with their dispositions and characters. He would have a special personal knowledge of their family relations and needs as they advanced in life. He was a person especially qualified to carry out the intention of the testator, that said trust fund should be used for the highest benefit of said daughters as a class. The power of appointment given to the original trustee was not to be exercised in favor of a new trustee or new trustees who should possess the same discretion and authority as himself but to a trustee or trustees who should hold said trust estate subject to such condition "as the said Rowland may prescribe." In our opinion the power given to the original trustee to apportion the trust estate among his daughters as he saw fit was a special discretionary one, personal to the original trustee and not annexed to the trust itself. In the terms creating the trust we find the expression of an intention which is inconsistent with and contrary to discretion and authority in a new trustee to divide said trust fund among said daughters "in such proportions & amounts to each and at such times to any one or more of them as he may deem fit."

The testator clearly created a trust in said fund in favor of the daughters of Rowland and Margaret R. Hazard as a

class with power in the father, Rowland, to apportion the fund equally or otherwise as he should deem for the best interests of the class.   He died without executing the power or directing the manner in which it should be executed by a new trustee of his appointment.   In the circumstances of this case we have held that the discretion personal to the original trustee can not be exercised by a substituted trustee appointed by the court nor can it be exercised by the court. The court however will not permit the general intention of the testator to fail but will order a division of the trust estate among the members of the class, for whose benefit the trust was created, in accordance with the most equitable rule, which in this case is that of equality.   *McGaughey's Administrator* v. *Henry*, 54 Ky. 383, 1 Story Eq. Jur. § 98, *Cathey* v. *Cathey*, 28 Tenn. 470, *Burrough* v. *Philcox*, 5 My. & Cr. 72, *Brown* v. *Higgs*, 4 Ves. 708, *Grieveson* v. *Kirsopp*, 2 Keen, 653.

The complainants Caroline Hazard, Helen H. Bacon and Margaret H. Fisher are entitled to have said trust fund equally divided among them; and the complainant trustee should be empowered and directed to make such distribution of said fund and its accumulations now in his hands.

On January 12, 1920, the parties may present a form of decree in accordance with this opinion.

*Green, Hinckley & Allen, Harold P. Salisbury, Frederick W. Tillinghast,* of counsel, for complainants and respondents.

*James B. Littlefield,* guardian, *ad litem.*