WILL OF DOE: DOE, Petitioner, Appellant, vs. ETTENHEIM, Trustee, and others, Respondents.

*April 14—June 21, 1939.*

35

36

For the appellant there were briefs by *Joseph A. Padway* and *Michael Levin,* both of Milwaukee, and oral argument by *Mr. Levin.*

*George P. Ettenheim* of Milwaukee, *in pro. per.* for the respondent trustee.

For the respondents Julia A. Shero, Helen P. Evans, Julia Paine Pavloff, and Byron Paine there was a brief by *George E. Ballhorn,* attorney, and *George H. Katz* of counsel, both of Milwaukee, and oral argument by *Mr. Ballhorn.*

*David G. Owen, Jr.,* of Milwaukee, as guardian *ad litem.*

The following opinion was filed May 9, 1939:

WICKHEM, J.   The question upon this appeal is whether the powers vested by decedent's will in the original trustee are personal and discretionary or imperative in character. If personal and discretionary, it is clear from the authorities that they may not be exercised by the successor trustee.

"If upon such construction of the instrument it appears that a power lodged with the trustees in connection with the trust is a special confidence reposed in this particular trustee or set of trustees, or is to be exercised only upon his or their personal judgment and discretion, such power can only be exercised by the designated donees, and will not pass to a substituted trustee."   *Mercer v. Safe-Deposit Co.* 91 Md. 102, 119, 45 Atl. 865.

The problem of ascertaining the character of this power is an ordinary problem in will construction and is to be approached in the same manner and solved by the same methods

as other questions of testamentary construction. The language of the will, in the light of surrounding circumstances, is to be carefully considered for the purpose of arriving at the intention of the testator.

The will directs the trustee to pay the income of the estate to the petitioner during her life and to this extent the trust is certainly imperative. It may neither be completely terminated at the will of the trustee, nor is it to be administered solely in his discretion. The only power claimed to be purely personal is that of making payments of corpus to petitioner. With respect to this it is provided that the trustee, if in his judgment the net income is insufficient for the proper support of petitioner either due to an emergency of sickness, accident, or otherwise, may pay her such portion of the principal of the trust estate "as he shall determine upon." It is this power that was held by the trial court to be wholly discretionary and not to pass to the successor trustee. In this connection we think it should be stated that sec. 231.28, Stats., which provides that upon refusal of a trustee to act a new trustee may be appointed and that his appointment shall "vest in such new trustee all the powers and all the title to the property, within the jurisdiction of" the court, is a mere restatement of common-law and equity principles and has no bearing upon this problem. The powers referred to are those which attach to the office of trustee and are not purely discretionary. This is clear when the provisions of sec. 232.23, Stats., are considered. This section provides:

"Every trust power, unless its execution or nonexecution is made expressly to depend on the will of the grantee, is imperative and imposes a duty on the grantee the performance of which may be compelled by action for the benefit of the parties interested."

It is apparent that the statutes recognize the distinction between discretionary and imperative powers. If the power is imperative it vests in the successor under sec. 231.28, Stats. If purely discretionary, the successor trustee does not suc-

ceed to it. The provisions of sec. 232.23, Stats., may well be considered as an introduction to a discussion of the problems of this case and, indeed, it is arguable that its provisions are determinative. It provides that unless a trust power is made *expressly* to depend *"on the will of the grantee,"* it is imperative, and it could very reasonably be contended, (1) that there can be no discretionary power unless it is expressly so designated, and (2) that the vesting in the trustee of mere discretion or judgment with respect to paying over the corpus to the *cestui* falls short of making the execution of this power dependent upon his will. In view of our other conclusions, it will not be necessary to rest the case upon this ground, however. Powers in trust are presumably imperative rather than purely discretionary. It is not lightly to be supposed that a testator meant to make the execution of trust powers dependent upon the life of a particular trustee, and it is reasonable to conclude that he did so only when he clearly and unmistakably manifests such an intention.

"Every power given to trustees which enables them to deal with or affect the trust property is *prima facie* given them *ex officio* as an incident of their office, and passes with the office to the holders or holder thereof for the time being." *In re Smith* (1904), 1 Ch. 139, 144.

The fact that the testator in this case has made use of the word "judgment" and "as he shall determine upon," is neither determinative that the power is purely discretionary nor even strongly persuasive.

In *Osborne v. Gordon,* 86 Wis. 92, 94, 97, 56 N. W. 334, after a devise in trust of a portion of the estate to pay the income to a specified beneficiary the will provided:

"I hereby authorize the said trustee to pay over to my daughter Eva any portion of the principal of said trust fund, as it shall seem to him proper, for her support and comfort."

This was construed to confer an imperative power and it was held to make no difference that the mode and details of

its execution are left to the discretion or judgment of the trustee. The court said:

"It does not affect this imperative power that the trustee may determine in his judgment or discretion, or 'as it shall seem to him proper,' the portion of the principal which the said Eva may need from time to time for her comfort and support. This judgment and discretion must be reasonably exercised. The abuse of discretion in such case may be corrected by the courts. The beneficiary is entitled to any portions of the fund necessary or 'proper' at any time for her comfort and support. What that portion shall be must necessarily be determined by some one, and this is the duty of the trustee in the first place. Such a discretion is by no means unlimited. If it were, it might defeat the purpose and object of the bequest."

Since the words of the trust do not of themselves expressly or by clear implication designate the power as purely discretionary, it may be proper to consider the type of event upon which its exercise is conditioned, since this may have some bearing upon its nature. Here the exercise of the power is limited to emergencies of "sickness, accident, or otherwise," and upon occurrence of the emergency there is conferred upon the trustee a discretion as to the amount of the principal to be applied to the support of the *cestui*. The latter discretion is identical with that in the *Osborne Case,* and the scope of his discretion to judge of the emergency is not broader or essentially different. Taken as a whole, it would seem that the discretion is narrower than that involved in the power held imperative in the *Osborne Case* because here there must be some event arising to the dignity of an emergency before there is room for any discretion to operate.

It is our conclusion then that the terms of the will offer no support to the contention that testator has clearly manifested a purpose to create a personal or discretionary trust. The surrounding circumstances fortify this conclusion. This was a trust of all his property for the benefit of testator's widow. She was the principal object of his concern, and it was she

whose economic security the testator principally desired to secure.  She was to have all of the income during her life and upon certain contingencies was to have portions of the corpus applied to her support.  It cannot be supposed in the light of this plain purpose that the testator meant to vest this power so to deal with the corpus solely in the original trustee, who might die before the *cestui* and who, being older, probably would die before she did, thus making impossible application of the corpus to her support in case of emergency.  We deem it of little moment that the trustee originally named was a partner in the law firm to which testator belonged and a close personal and professional associate.  As pointed out in 3 Bogert, Trusts and Trustees, p. 1747, § 553, no testator selects a trustee in whom he has not great trust and confidence.

A circumstance that is strongly put forward by defendants as indicative of the purely discretionary character of the trust is that petitioner was very extravagant, and that testator had in mind vesting a discretionary power in the trustee in order to control this extravagance and to insure that the trust fund would not be dissipated.  We do not find it necessary to consider whether the fact of extravagance was proven.  Assuming it to have been established, it is of very doubtful importance.  While it may be that the creation of a trust was caused by a lack of confidence in the ability of petitioner providently to handle the property in her own interests, this would not furnish a basis for concluding that the trust was discretionary rather than imperative.  If the improvidence of the *cestui* was in mind, the will itself furnishes safeguards by circumscribing the field within which the discretion of the trustee may operate.  The corpus of the estate is to be applied to her support only upon the happening of an emergency.  Two types of emergency are named, accident and sickness.  Each of these emergencies might require expenditures for care and maintenance of the petitioner in excess of the normal income.  The words "or otherwise" do

not add particularly to the clarity of the provision, but we conclude that these words likewise refer to emergencies. One of the emergencies that is doubtless included is where the income of the property temporarily or permanently ceases. In view of this we have a pretty clear picture of what the testator intended. So long as the property earned a normal income and no emergencies of accident or sickness intervened, the trustee was to turn over the income to the *cestui*. In the event of emergencies of accident or sickness, or in the event of a failure of the income of the property, the trustee was authorized to apply such portions of the corpus as would in the one case take care of the extra expense of the accident or sickness, and in the other secure to the *cestui* a sum for maintenance equal to the normal income of the property. The trust is under the control of the county court and offers no administrative problems of unusual difficulty. The extravagance of *cestui,* if it is a fact, is as effectively controlled upon this construction as upon that adopted by the trial court, and there is avoided the extremely unlikely conclusion that testator intended the power to apply corpus to *cestui's* support to die with the original trustee.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, without costs, on June 21, 1939.