139 F.Supp. 834 (1956)
Herbert BROWNELL, Jr., Attorney General of the United States, as successor to the Alien Property Custodian, Plaintiff,
v.
MERCANTILE TRUST COMPANY and Carl Robert Pommer, as successor trustees of trust agreement dated April 6, 1932, between Robert W. Pommer, donor, and Mercantile-Commerce Bank and Trust Company and Robert W. Pommer, trustees, as amended March 2, 1934, and April 29, 1938, and Carl Robert Pommer, Carlo Pommer and Alfred Pommer, individually and as representatives of a class, Defendants.
No. 9590(3).
United States District Court E. D. Missouri, E. D.
March 27, 1956.
Max Wilfand, Dept. of Justice, Washington, D. C., W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
William G. Guerri, of Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., for defendants.
HARPER, District Judge.
This action was brought by the Attorney General of the United States under Section 17 of the Trading with the Enemy Act, as amended, 50 U.S.C.A.Appendix, § 17, and Sections 1345 and 2201 of Title 28 U.S.C., for a declaration of his rights under a trust agreement executed April 6, 1932, by Robert Pommer, and subsequently amended.
Plaintiff asks this court to declare he is entitled to the corpus of a trust created by Robert Pommer, together with all accrued income not yet paid in.
*835 In the trust agreement Robert W. Pommer conveyed his property to the Mercantile Trust Company and himself, in trust, to pay the income to himself for life, and upon his death the corpus to be distributed to certain named beneficiaries, most of whom reside in Germany.
The trust agreement, as amended, further provided that upon his death his nephew, Carl Robert Pommer, would become a co-trustee with the trust company of said trust estate.
The trust agreement, as amended, further provided that if upon the settlor's death any of the named beneficiaries were residents of Germany or any other foreign country, then these beneficiaries were only to receive the income from their part of the trust estate until such time as the trustees saw fit to distribute the corpus to them, subject to the provision that the corpus must be distributed within the period of perpetuities. If any of the named beneficiaries died before distribution of the corpus, then the deceased's heirs by the law of descent of Missouri succeeded to the deceased's interest. Within the discretion of the trustees, any of the beneficiaries could invade the corpus for business or professional reasons, or to satisfy needs occasioned by illness or misfortune, or for the purpose of terminating the trust as to said beneficiaries, if this could be done without in the sole judgment and discretion of the trustees too great a reduction being made in the corpus of the portion paid or distributed to such beneficiary by reason of the cost of exchange, inheritance, or other taxes thereon assessed by the German government, or any other government other than that of the United States.
By order of 1950, pursuant to the Trading with the Enemy Act, 50 U.S.C. A.Appendix, § 1 et seq., the Attorney General, the plaintiff, vested in himself all interests in the trust of those beneficiaries residing in Germany and of their successors in interest "who there is reasonable cause to believe are residents of Germany." Thereupon, the trustees began paying the income which would have gone to these beneficiaries to the Attorney General. The Attorney General now seeks to have the trust terminated and the corpus distributed to him as to those beneficiaries whose interest he has vested.
The Attorney General, as successor to the Alien Property Custodian, stands in the same position and has succeeded to all the rights of the beneficiaries whose interests have been vested. The Attorney General has no greater rights than those beneficiaries, and the question before the court is what rights did these beneficiaries whose interests have been vested have.
The vesting order in no wise changes the terms of the trust. As was stated in In re Young Estate, 1953, 204 Misc. 92, 118 N.Y.S.2d 803-807, "It is well established that a vesting order confers upon the custodian a title identical in quality and quantity with that of the person whose interest is seized."
For the plaintiff to be entitled to distribution of the corpus of the trust he seeks to have distributed, he must show that if those beneficiaries whose interests have been vested were now before this court, that they would be entitled to an order directing that the corpora of the trust be distributed to them. McGrath v. Ward, D.C., 91 F.Supp. 636. So if the beneficiaries in this case have no right to receive an immediate distribution of corpus, neither does the Attorney General.
The pertinent trust section on this question is Paragraph 10 of the amended agreement. Paragraph 10 states:
"The Trustees * * * are also authorized to pay over and deliver to any beneficiary for whom they hold property in trust hereunder, such part or all of the corpus of his or her share or portion, for business or professional purposes, or for the purpose of terminating the trust herein created for his or her use and benefit, provided that such payment or distribution of corpus *836 for business or professional purposes, or for the purpose of terminating such trust can be made without, in the sole judgment and discretion of the Trustees, too great a reduction being made in the corpus of the portion paid or distributed to such beneficiary, by reason of cost of exchange, inheritance, or other taxes thereon assessed by the German Government or any other government other than that of the United States, against the share or portion paid or distributed to such beneficiary. Said Trustees shall be the sole judges as to payment or distribution to any beneficiary hereunder of any part or all of his or her portion, whether on account of misfortune, illness or infirmity, or for business or professional purposes, or for the purpose of terminating the trust as to his or her share or portion. The acts of said Trustees in distributing to or withholding from any beneficiary of part or all of the corpus of his or her share or portion, shall be final and conclusive and said Trustees shall not be held accountable to any one for their acts herein."
Termination of these particular trusts as set out in the trust agreement, and particularly in Paragraph 10 referred to above, is left in clear, unmistakable language to the sole judgment and discretion of the trustees. No beneficiary has a right to an immediate distribution of corpus, but merely the right to receive the income. The trustees were given wide and sweeping discretion with respect to the distribution of part or all of the corpus regarding any beneficiary's share, and the acts of said trustees are final and conclusive, and they are not accountable for their acts. The trust agreement gives the trustees absolute power with respect to the distribution of the corpus insofar as any beneficiary is concerned.
The trust agreement is governed by the laws of Missouri, and under the law of Missouri, as set out in Lyter v. Vestal, 355 Mo. 457, 196 S.W.2d 769, 2 A.L. R.2d 1375, a case involving a trust agreement in which wide discretionary powers were given to the trustees, it was held that the reasonableness of the trustees' exercise of discretion was not subject to judicial review, but the courts would only interfere if the trustees acted dishonestly or from some motive other than the accomplishment of the purposes of the trust, or acted arbitrarily. As stated in the Lyter case, 196 S.W.2d loc. cit. 772-773: "In the exercise of the power to encroach upon the corpus, the trustees `function not in the exercise of a mere power, but in the discharge of a trust' * * * and a court will interfere if a trustee acts in a state of mind not contemplated by the donor of the trust. Thus, the trustee will not be permitted to act dishonestly, or from some motive other than the accomplishment of the purposes of the trust or to act arbitrarily without an exercise of his judgment."
The powers given to the trustees by Robert Pommer were very great. The Attorney General contends that the purposes of the powers was to prevent depletion of the corpus by foreign exchange controls, and that these controls do not apply to distribution to the Attorney General, and hence, for the trustees not to distribute to the Attorney General would be allowing them to act from some motive other than the accomplishment of the purposes of the trust.
The record conclusively discloses that the avoidance of foreign exchange controls was one of the purposes of Robert Pommer in amending the trust and giving the trustees wide discretionary powers, but the testimony further indicates that in addition these wide discretionary powers were given to the trustees in order to benefit the beneficiaries, and that the trustees in not distributing the corpus to the plaintiff are carrying out the purpose of the trust, and this court cannot interfere. In the light of the very broad discretionary powers given the *837 trustees, and in light of the remainder-over provision and of the statements of the trustees that they take factors into consideration other than foreign currency controls before distributing corpus, and in light of the conditions that brought about the change of the trust agreement, this court is lead to the conclusion that the trustees can not be compelled to distribute the corpus at this time.
In this case no one would say that the trustees are acting dishonestly in not distributing the corpus, and the facts justify the conclusion that the trustees in refusing to distribute the corpus to the beneficiaries whose interests have been vested in the plaintiff, are carrying out the purposes of the trust rather than acting from some other motive. In view of the Missouri decisions, the plaintiff is powerless to require the trustees to immediately distribute to him the corpus of the trust he seeks to recover.
Furthermore, no showing has been made of an absence of foreign exchange controls in Germany today. As has been stated, the avoidance of such controls was one of the purposes of the trust. It seems to this court, therefore, that if this case were brought by one of the beneficiaries himself whose interest has been vested by the Attorney General, under the trust agreement the distribution of the corpus could not be required, even if the trustees did not have the wide discretionary powers they have. Since the beneficiaries designated by the vesting order have not under the terms of the trust agreement the right to compel immediate payment of the undistributed corpus of the trust, then consequently the plaintiff as successor to these beneficiaries' interests has not the right.
This court decrees that the plaintiff has no right to require the trustees to distribute to him at this time the corpus of the trust, but the plaintiff is now only entitled to the income from such interests as he has already vested.
Attorneys for the defendants will prepare the Findings of Fact, Conclusions of Law and Judgment to be entered by the court, and submit same to the court for entry.