**Herbert BROWNELL, Jr., Attorney General of the United States, as successor to the Alien Property Custodian, Plaintiff,**

v.

**Hans LEUTZ, Fritz Leutz, Lottie Leutz, Anna Leutz, Carl Helge Anderson and P. S. Jungers, individually and as testamentary trustee under the last will and testament of Ferdinand Leutz, deceased, Defendants.**

Civ. No. 2728.

United States District Court
D. North Dakota,
Southwestern Division.
March 12, 1957.

Max Wilfand, Dept. of Justice, Washington, D. C., and Robert L. Vogel, U. S. Atty., Fargo, N. D., for plaintiff.

J. F. X. Conmy of Hyland, Conmy & Donahue, Bismarck, N. D., for defendants.

DAVIES, District Judge.

This action is for a declaratory judgment brought under 28 U.S.C.A. § 2201, by the Attorney General of the United States, as successor to the Alien Property Custodian, to determine the ownership of interests in property affected by the last will of Ferdinand Leutz, a United States citizen who died August 7, 1934.

The testator was domiciled at the time of his death in Hebron, Morton County, North Dakota. He was survived by four children of his first marriage, the defendants, Hans, Fritz, Lottie and Anna Leutz, all United States residents, and by his second wife, Helene Leutz, and their daughter, Grete, residents of Germany. Grete was born in Switzerland when Ferdinand Leutz was a United States citizen temporarily residing in Germany. Subsequently Helene and Grete came to the United States with Ferdinand, living at Hebron with him until his death. They did not return to Germany until several months after his will was admitted to probate in Morton County Court.

The will was drafted for the testator by his friend and counselor, the defendant, P. S. Jungers, a lawyer. It provided for a number of specific devises and bequests, and by its fifth paragraph created a residuary trust in the following terms:

"Fifth: All the rest and residue of my estate of whatsoever nature and wheresoever located, both real, personal and mixed, I give, devise and bequeath to attorney P. S. Jungers as trustee for the use and benefit of my said wife and my children Hans, Fritz, Lottie, Anna and Grete, or their heirs, hereby giving and granting unto my said trustee absolute and unqualified charge and control thereof with full power to sell the whole or any part; to invest, reinvest, mortgage, make contracts, collect, manage and do anything else in the premises which he may deem for the best interests of any or all of said beneficiaries, and to pay or give to said beneficiaries or either of them from time to time, such property or sums of money as he may in his discretion deem most advantageous; and provided further that nothing herein contained shall be construed as entitling any of said beneficiaries as of right to any specific share or interest in said trust property, and provided further, that no benefit accrued to any beneficiary shall be assignable or subject to commutation, incumbrance or legal process. My trustee has and may in the future from time to time receive instructions and expressions of my wishes as to the handling of this property which may aid him in disposing of same after my death; and the same shall depend in a large measure upon the attitude of my said children, or any one of them,

towards the arrangements I have made herein, which I consider a prudent means for their own best interest. In dealing with my son Hans my said trustee shall take into account the debts paid for him under the first paragraph of this will.

"It is my intent and purpose to deal justly and fairly with all of my said children and my wife, taking into full consideration their past services and favors, filial conduct or lack of same, and in the event my said trustee shall meet with discord or such lack of harmony among the beneficiaries, he may summarily dispose of said estate, or cause the same to be sold, and the proceeds invested or given to such of my beneficiaries as are deserving of it.

"I fully realize that this may be a hard task for my said trustee, but he is thoroughly familiar with my business affairs and has had charge of my ranch and is personally acquainted with the conditions and circumstances as well as the members of my family. I direct that in the event any beneficiary herein, or any other person in behalf of such interested person, shall contest this will or bring any proceeding calculated to defeat the purpose of this will, such action shall be construed as a renunciation of any right to take hereunder, and such person shall take nothing. * * *"

The will was duly probated, and the Morton County Court entered final decree of distribution on June 28, 1941. On September 2, 1941, the District Court of Morton County, North Dakota, issued letters of trusteeship to P. S. Jungers who qualified and ever since has been acting as trustee of the Leutz trust.

On September 4, 1944, ten years after the death of Ferdinand Leutz and three years after the final decree of distri-

bution, the Alien Property Custodian sought to confiscate, by vesting orders numbered 4084 and 4085, whatever right, title, interest and claim Helene and Grete had in the estate of Ferdinand Leutz and in the trust created under his last will. On April 1, 1953, nineteen years after Ferdinand Leutz' death and twelve years after the final decree, the complaint in this action was filed. It asserts nine claims, of which those numbered 1, 2 and 4 have been abandoned. Number 5 (the only claim affecting the defendant Anderson) has been dismissed by order of this Court on defendants' motion for summary judgment. Brownell v. Leutz, D.C.N.D.1956, 136 F.Supp. 783.

Claim 3 alleges the Leutz trust is invalid because it contains illegal and void directions for the accumulation of income, and that the plaintiff has succeeded to the shares of Helene and Grete in the trust property as intestate heirs.

Claim 6 alleges the defendant P. S. Jungers is obligated to account to plaintiff for $1,500 set apart in probate to Helene Leutz as a widow's allowance and delivered by the executor to Jungers, who contends that he has paid it to Helene by purchasing $1,200 worth of I. G. Farben stock from the Leutz estate for her in 1936 and sending it to her with the $300 balance. Finding from the uncontradicted evidence that Jungers has accounted to Helene, this Court will not inquire further into the matter.[1]

Claim 7 and Claim 8 seek a declaration of rights as to various sums representing proceeds from sales and dividends of bank stock bequeathed to Helene Leutz. Claim 7 is for $1,574.85 realized in the sale of 15 shares of stock in The First National Bank of Hebron, and Claim 8 is for $675 in dividends received on Certificate No. 17 for 45 shares of stock of The Security Bank of Hebron. The defendant Jungers having conceded

---

1. Even if he had not fully accounted, this claim would be barred by laches because inexcusably allowed to lie dormant for over eighteen years. See McClintock, Equity (2d ed. 1948), Sec. 28, pp. 71–76.

that he is holding these sums on deposit in special accounts as the property of Helene Leutz, and not as trust property, judgment determining that under Vesting Order 4084 the plaintiff is entitled to such sums should be entered against the defendant Jungers.[2]

Claim 9 seeks a declaration of rights as to $2,250 in dividends on Certificate No. 17 for 45 shares of stock of The Security *Company* of Hebron. Inasmuch as the final decree of distribution vested this stock in the defendant Jungers as trustee, the plaintiff would have no right to the dividends except as beneficiary of the trust in place of Helene and Grete Leutz.[3] The disposition of Claim 9 will thus depend upon the determination of Claim 3 concerning operation and legal effect of the trust.

The basic issue is whether plaintiff is entitled to any part of the property of a discretionary spendthrift trust under a vesting order, issued pursuant to the Trading with the Enemy Act, against all right, title, interest and claim of some members of a family class of beneficiaries.

This Court is of the opinion that plaintiff is not entitled to any of the trust property, since such beneficiaries had merely an expectancy (without any enforceable right, title, interest or claim) as to both income and principal. The trust created by the will of Ferdinand Leutz has an unusual combination of two valid types of trust containing temporary restraints upon alienation by the beneficiaries. See Griswold, Spendthrift Trusts (2d ed. 1947), Sec. 423, p. 492. One type is the discretionary trust, under which the trust principal and income are payable to beneficiaries only in the uncontrolled discretion of the trustee; and in such a trust, where the beneficiaries are a class of persons, they do not have interests in the trust property, but merely have inalienable expectancies with no certainty of ultimate enjoyment. In re Canfield's Estate, 1947, 80 Cal.App.2d 443, 181 P.2d 732; see, in general, Restatement, Trusts (1935), Sec. 155; 2 Scott, Trusts (2d ed. 1956), Secs. 155 and 155.1. The trust in the instant case being for the benefit of the members of a class comprising the family of Ferdinand Leutz, the trustee has discretionary power to exclude a member of the class altogether, and he cannot be compelled by the transferees of any member to pay over any part of the trust property.[4] In addition, there are characteristics of another type, the spendthrift trust, under terms of which the beneficiaries have interests and are entitled to receive the income from the trust property, but their interests cannot be the subject of voluntary or involuntary alienation.[5]

2. The vesting order is based upon a finding that Helene is an enemy alien, and for purposes of the present action that finding is conclusive and cannot properly be made an issue. Clark v. Tibbetts, 2 Cir., 1948, 167 F.2d 397.

3. The decree is res judicata, and would be binding even if the County Court had made an error. Miller v. Pitman, 1919, 180 Cal. 540, 182 P. 50; Atkinson, Wills (2d ed. 1953), 798–799; cf. Knight v. Harrison, 1919, 43 N.D. 76, 174 N.W. 632.

4. Restatement, Trusts (1935), Sec. 155, comment c; N.D.Rev.Code 1943, Sec. 59–0553: *"Discretionary Power.* When the terms of a power import that the estate or fund is to be distributed among several persons designated in such manner or proportions as the trustee of the power may think proper, the trustee may allot the whole to any one or more of such persons in exclusion of the others." Cf. In re Nicholson's Estate, 1947, 355 Pa. 426, 50 A.2d 283, 172 A.L.R. 450.

5. Restatement, Trusts (1935), Sec. 152. Despite the provision of N.D.Rev.Code, 1943, Sec. 59–0314 (second sentence) that "the beneficiaries take no estate or interest in the property but may enforce the performance of the trust", and despite judicial construction of a similar New York statute in Marx v. McGlynn, 1882, 88 N.Y. 357, holding that the beneficiaries of a trust acquire nothing but a personal right or chose in action against the trustee to enforce the trust, it is believed to be more accurate to construe the statute as meaning only the "legal" (as distinct from the "equitable") in-

■■ In the case at bar the spendthrift terms are stated in the will provision "that nothing herein contained shall be construed as entitling any of said beneficiaries as of right to any specific share or interest in said trust property, and provided further that no benefit accrued to any beneficiary shall be assignable or subject to commutation, incumbrance or legal process." If this were simply a spendthrift trust, the beneficial interests of Helene and Grete as enemy aliens would be subject to confiscation by the plaintiff, because public policy in favor of effective governmental administration overrides the sometimes criticized policy permitting benefits of property to be transferred free of attendant burdens. 2 Scott, Trusts (2d ed. 1956), Sec. 157.4 at pp. 1123–1127; Restatement, Trusts (1948 Supplement), Sec. 157(d); Central Hanover Bank & Trust Co. v. Markham, D.C.N.Y.1946, 68 F.Supp. 829 (trust where by statute the beneficial interest was made inalienable and unattachable). But by virtue of the discretionary provisions of the Leutz trust, Helene and Grete had no beneficial interests which could be confiscated. While the restraint on alienation under the spendthrift provisions is effected by an express prohibition against voluntary and involuntary transfer of the beneficiaries' interests, the restraint under the discretionary provisions arises from the very nature of the discretionary trust itself, which gives these beneficiaries nothing more than an uncertain hope of acquiring interests.[6] A trust of the discretionary type is valid and enforceable in North Dakota.[7]

■■ The discretionary spendthrift trust involved here requires judicial interpretation and construction to make some of its terms explicit, by a determination of the testator's intent as manifested in his will. See In re Glavkee's Estate, 1948, 76 N.D. 171, 34 N.W.2d 300; N.D.Rev.Code 1943 Sec. 56–0501; Atkinson, Wills (2d ed. 1953), Sec. 146, pp. 807–817. By express provision it limits the trust for the sole benefit of a class comprising the settlor's family.[8] It expressly names the defendant Jungers trustee and clearly confers absolute

---

terest or estate in the trust property. 2 Scott, Trusts (2d ed. 1956), Sec. 130, pp. 962–974, and Sec. 117.2 at pp. 821–822; cf. Blair v. Commissioner of Internal Revenue, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; N.D.Rev.Code 1943, Sec. 59–0318 (authorizing restraints on disposition of the beneficiary's "interest"). The separation of legal and equitable interests constitutes the very essence of the trust relationship, the trustee having the legal interest while the beneficiaries have the equitable interest; there would be no trust if all interests, both legal and equitable, were in one person. Julian v. Northwestern Trust Co., 1934, 192 Minn. 136, 255 N.W. 622. Thus in any trust, including the spendthrift type, where beneficial rights are not subject to a condition precedent to vesting, the beneficiaries would have equitable interests under North Dakota law. Hull v. Rolfsrud, N.D.1954, 65 N.W.2d 94, 104–108; cf. Restatement, Trusts (1935), Sec. 130.

6. IA Bogert, Trusts and Trustees (1951), Sec. 226 at pp. 508–513; Calloway v. Smith, 1945, 300 Ky. 55, 186 S.W.2d 642; cf. N.D.Rev.Code 1943, Sec. 47–

0220: "*Mere Possibility Not an Interest.* A mere possibility, such as the expectancy of an heir apparent, is not to be deemed an interest of any kind."

7. Brett v. St. Paul Trust Co., 1923, 49 N.D. 653, 193 N.W. 317. In North Dakota a spendthrift trust is valid, subject to the qualification that where the trust corpus is real property, creditors can take all income above what is necessary for education and support of the beneficiary. N.D.Rev.Code 1943, Secs. 59–0310 and 59–0318; see Brown v. Steckler, 1918, 40 N.D. 113, 119, 168 N.W. 670, 671, 1 A.L.R. 753, 756.

8. The words "or their heirs", as used in the Leutz will, are words of purchase indicating who would take as grantees, and are not words of limitation indicating what interest or estate would be taken. See Moynihan, Preliminary Survey of the Law of Real Property (1940), 17–18. By virtue of these words, the heirs of any of the Leutz children who should die before termination of the trust would be substituted as beneficiaries or grantees to the share of the deceased child. See Wyman v. Kinney, 1940, 111 Vt. 94, 10 A.2d 191, 128 A.L.R. 298.

and uncontrolled discretion upon him as trustee. See N.D.Rev.Code 1943 Sec. 59–0212. However, it fails to specify how long the trust shall continue or who shall succeed to the trust property when it ends. In view of the fact that the beneficiaries are designated as his wife and named children, "or their heirs" by representation, it is apparent that the testator did not intend to measure the trust's duration by the lives of his family then in being. Since Ferdinand Leutz conferred personal, confidential and arbitrary discretionary powers upon the defendant Jungers not only as to termination of the trust but also as to selection of the ultimate beneficiaries of income and principal, the logical inference is that Ferdinand Leutz intended to measure the trust's duration by the life of Jungers unless sooner terminated by Jungers in the exercise of discretion as trustee. In his will the testator has disclosed the intention to confer the power of selection upon Jungers only, so the power could not be exercised by a successor trustee. Hazard v. Bacon, 1920, 42 R.I. 415, 108 A. 499; 2 Scott, Trusts (2d ed. 1956), Sec. 120 n. 10; cf. In re Doe's Will, 1939, 232 Wis. 34, 285 N.W. 764, 126 A.L.R. 926. If Jungers died without exercising the power, the property would pass in equal shares to the beneficiaries then surviving.[9] Hence, by the fifth paragraph of his will the testator transferred the residuary estate upon a discretionary spendthrift trust to the defendant Jungers for life at his discretion, as trustee to pay or apply only so much of the income and principal as he shall deem proper for the benefit of one or more members of the family class composed of Helene, Hans, Fritz, Lottie, Anna and Grete Leutz (or the heirs of any child by representation), with discretionary power at any time during his life to appoint the remainder in any fractional shares within the class, and in the absence of appointment the remainder shall vest in equal shares to such members of the class as may be living at the time of termination of the trust.

 Under this trust, until actual distribution, none of the beneficiaries have or can demand any interest in or right to the trust property, and the trustee has discretionary power to exclude any of them. Canfield v. Security-First Nat. Bank of Los Angeles, 1939, 13 Cal.2d 1, 87 P.2d 830. Accordingly, by the vesting order against beneficiaries Helene and Grete Leutz, plaintiff acquired no enforceable right or interest in the trust property; and the trustee has the power to make sure that plaintiff never does acquire any part of the trust. In the event the trustee did exclude Helene and Grete, or plaintiff as their successor, that would seem to be a reasonable exercise of discretion, consistent with the intent of the testator to preserve the trust property for members of his family, free from outside claim or interference. Brownell v. Mercantile Trust Co., D.C.Mo.1956, 139 F.Supp. 834, 836–837. Although such testamentary authority to withhold benefits from some members of the class of beneficiaries by judicious management of the trust may result in accumulation of income, that does not constitute a direction to accumulate. In re Smith's Will, 1948, 253 Wis. 72, 33 N.W.2d 320; Restatement, Property (1944), Sec. 439(a) (ii) and comments i–k thereto. Hence the statutory rule against accumulations, contained in Chapter 47–03 of the North Dakota Revised Code of 1943, is inapplicable, and the trust is unobjectionable. That being so, the vesting order against all right, title, interest and claim af Helene and Grete Leutz in this trust entitles the plaintiff to nothing more than the right as a beneficiary to ask the District Court of Morton County

9. Farwell, Powers (3rd ed. 1916), 528–530; 2 Scott, Trusts (2d ed. 1956), Sec. 120 n. 11; N.D.Rev.Code 1943, Sec. 59–0554: "*Death of Trustee.* If the trustee of a power having the right of selection dies, leaving the power unexecuted, its execution shall be adjudged for the benefit equally of all the persons designated as objects of the trust."

for an accounting of the trustee's administration of the trust, pursuant to Sec. 59–0417 of the North Dakota Code.

Consequently, the court hereby declares:

(1) As to Claim 3, that Vesting Order 4085 did not capture for plaintiff any title, interest or claim in the property of the trust created by the last will of Ferdinand Leutz, but that it did capture whatever rights Helene and Grete Leutz may have had as beneficiaries under such trust.

(2) As to Claim 6, that Vesting Order 4084 did not capture for plaintiff any right or claim against the defendant Jungers to an accounting for $1,500 set apart in probate to Helene Leutz as a widow's allowance, and that the defendant Jungers is entitled to judgment against plaintiff dismissing Claim 6.

(3) As to Claims 7 and 8, that Vesting Order 4084 did capture for plaintiff all the right, title, interest and claim of Helene Leutz to $1,574.85 in proceeds from the sale of 15 shares of stock in The First National Bank of Hebron, and to $675 in dividends received on Certificate No. 17 representing 45 shares of stock of The Security Bank of Hebron; and that plaintiff is entitled to recover such sums, and increments thereof, from the defendant Jungers.

(4) As to Claim 9, that Vesting Orders 4084 and 4085 did not capture for the plaintiff any title, interest or claim in the $2,250 dividends on Certificate No. 17 representing 45 shares of stock in The Security Company of Hebron, but that Vesting Order 4085 did capture whatever rights Helene and Grete Leutz may have had as beneficiaries of this property which forms part of the trust created by the last will of Ferdinand Leutz.

Judgment will be entered accordingly, without costs to any party.

Attorneys for the plaintiff will prepare and submit judgment in conformity with the conclusions herein stated.