42

Belknap,
No. 4846.

EVERETT D. MUNSEY, *Successor Trustee* u/w/o
IMOGENE F. COOKE

*v.*

LACONIA HOME FOR THE AGED *& a.*

Argued September 8, 1960.

Decided October 28, 1960.

*Nighswander, Lord & Bownes* and *William T. Krasnow* (*Mr. Krasnow* orally), for the plaintiff.

*Normandin & Normandin* and *Thomas P. Cheney* (*Mr. Cheney* orally), for the defendant.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Millham* orally), for the defendant Charles C. Rogers, guardian of Alberta F. Folsom.

*Ernest R. D'Amours,* Director, Register of Charitable Trusts, *pro se.*

KENISON, C. J.   The core of the questions reserved without ruling is whether the discretionary powers of the named trustee passed to the successor trustee under a will which neither provided for nor prohibited the appointment of a successor trustee.   One "provision that should be routine in every trust" but is "absent in most" is presenting some method of filling the office if a vacancy occurs. Sargent, Sins of Oversight in Wills and Trusts, 30 B. U. L. Rev. 301, 310 (1950).   In such cases the proper construction of a will is difficult and in a limited sense "the court is looking for a black hat

in a dark room," but the duty of decision still remains for the court to effectuate the testator's purposes so far as possible within the confines of the record before it and the consideration of the will as a whole. *Roberts* v. *Tamworth,* 96 N. H. 223, 225; II Scott, Trusts (2d *ed.* 1956) *s.* 164.1, *p.* 1160; Gray, The Nature and Sources of the Law (2d *ed.* 1921) 174-176.

There is no single and definitive test to determine whether the trustee's powers are personal to the designated trustee or attach to the office of the successor trustee. *In re Smith* [1904] 1 Ch. 139, 142; anno. 2 A. L. R. 2d 1383. However the "strong tendency of recent decisions is to narrow the scope of these 'personal trusts', and to permit trusts involving broad discretionary powers to continue under the supervision of a substituted fiduciary." 4 Powell, Real Property, *s.* 561, *p.* 395 (1954). There is general agreement with this view. Thus in the Reporter's notes to Restatement (Second), Trusts, *s.* 196 (vol. 3, *p.* 335) appears the following: "The Courts have with increasing liberality held that powers can be exercised by successor trustees, not only powers relating to the administration of the trust but powers relating to the disposition of trust property." To the same effect see II Scott, Trusts (2d *ed.* 1956), *s.* 196, *p.* 1484; 1 Nossaman, Trust Administration and Taxation (2d *ed.* 1959), *s.* 26.07.

In the earlier cases emphasis was placed on the fact that there was a personal relationship or a personal confidence reposed in the designated trustee and concluded generally that this confidence could not be exercised by a successor trustee. See *Hall* v. *Harvey,* 77 N. H. 82; *Carlton* v. *Henderson,* 79 N. H. 416. Later cases have laid emphasis on the necessity for the continuation of the trust and the desirability of continuing to carry out the testator's purposes even after the death of the designated trustee. *Duncan* v. *Elkins,* 94 N. H. 13; *Upton* v. *White,* 92 N. H. 221. "The statement, frequently to be found in the earlier cases, that where it is left to the discretion of the trustee whether or not to exercise a power the power does not survive unless the settlor indicates a contrary intention, is certainly not a correct statement of the modern law." II Scott, Trusts (2d *ed.* 1956), *s.* 196, *p.* 1484.

Sometimes it is assumed that the powers of the designated trustee are personal because the testatrix placed confidence in the trustee. But as Bogert has so sagely observed this is apt to be erroneous "because no man is selected for that position in whom the settlor does not have a high degree of confidence." Bogert, Trusts &

Trustees (2d *ed.* 1960), *s.* 553, *p.* 26. Since confidence in a trustee is a feature of all trusts, a court should not assume that the settlor intended a personal trust unless that clearly appears from the will or trust instrument. *Booth* v. *Krug*, 368 Ill. 487. "Since the normal type of power is one attached to the trusteeship, and since in ordinary experience it is rare that a settlor desires to make the usability of a power dependent upon the life and continuance in office of a particular trustee or group of trustees, it would seem that a tendency to treat all powers as impersonal, either on the basis of judicial attitude or statutory regulation, until clear proof to the contrary is produced, is a desirable trend." Bogert, Trusts & Trustees (2d *ed.* 1960), *s.* 553, *pp.* 40, 41. This approach is exemplified by *Fowler* v. *Hancock*, 89 N. H. 301, which is similar on its facts to the present case and in which it was held that the discretionary power to apply principal for the benefit of the life beneficiary could be exercised by a successor trustee. In that case, as in the present case, the personal confidence of the testator in the named trustee was not so paramount as to constitute a condition upon which the beneficiary's right depended. *Fowler* v. *Hancock*, *supra*, 303.

It is reasonable to conclude that the discretionary trust in this case for the benefit of the testatrix's daughter "during her natural life" was not to be impaired in any of its features as long as the daughter lived. Neither does the will disclose any purpose to restrict or differentiate the discretionary powers of the named trustee with respect to principal, income or investments. We conclude that the successor trustee has all the powers of the designated trustee and the answer to the first three questions transferred without ruling is in the affirmative. Anno. 126 A. L. R. 931; 15 U. Chi. L. Rev. 435; *Will of Doe*, 232 Wis. 34.

The fourth question transferred without ruling relates to the duties of the successor trustee to distribute income and principal to the life beneficiary, Alberta F. Folsom. The successor trustee is under no absolute duty with respect to the distribution of either income or principal. The argument of the guardian of the life beneficiary that all income must be turned over to the life beneficiary cannot be accepted in view of the broad discretion given to the named trustee which passes to the successor trustee. The standard set up in the will that the principal and income of the trust fund may be expended "for the pleasure, comfort and support of my said daughter" is not mathematically precise but is sufficiently

definite to enable the trustee in his discretion to determine what is reasonably required for the daughter's pleasure, comfort and support. *Amoskeag Trust Co.* v. *Wentworth,* 99 N. H. 346; *Orr* v. *Moses,* 94 N. H. 309. The trustee is not required to pay all of the income to the beneficiary if this is unnecessary because of her other resources and the probability that she will continue under guardianship as an incompetent until her death. *Amoskeag Trust Co.* v. *Wentworth, supra,* 348. However, the trustee in case of doubt should exercise his discretion in favor of the daughter by not retaining accumulated income which will ultimately go to the remaindermen. See Restatement (Second), Trusts, *s.* 196, *comment* e.

The trustee should give a broad interpretation to his discretionary powers in order that the pleasure, comfort and support of the life beneficiary will be assured. See the companion case *Rogers* v. *Munsey,* 103 N. H. 37, decided this day.

*Remanded.*

All concurred.